OPINION OF THE COURT
John V. Vaughn, J.
Defendant moves to dismiss this indictment containing three counts of sexual abuse, first degree, and one count of attempted sexual abuse in the first degree, upon the ground that the acts alleged therein do not constitute a crime.
The only facts alleged to support Counts Nos. 1 and 2 of the indictment are that the defendant on two occasions kissed the *225 victim against her will and inserted his tongue in her month. Under the statute, sexual abuse in the first degree is committed when a person subjects another person to sexual contact by forcible compulsion (Penal Law, § 130.65, subd 1). Sexual contact means any "touching of the sexual or other intimate parts of a person * * * for the purpose of gratifying sexual desire of either party” (Penal Law, § 130.00, subd 3). The issues before the court are (1) whether the act constitutes a "touching” within the meaning of the statute; and (2) whether the mouth may be deemed an "intimate” part of the body.
While the statute is broader in scope than its predecessor (People v Blodgett, 37 AD2d 1035), it has been held that it should be strictly construed and that the term "touching” applies only to "those instances where there is digital manipulation or manual handling or fondling” (People v Vicaretti, 54 AD2d 236, 249). In Vicaretti (supra), the court held that it was proper not to charge sexual abuse where the only evidence was that of a completed intercourse because the use of the word "touching”, rather than mere contact, necessarily implied the use of one’s hands either to fondle or manipulate. Vicaretti was not cited in Matter of David M. (93 Misc 2d 545), where the court apparently reached a different conclusion. However, it appeared that the main issue in Matter of David M. was whether it was necessary to manipulate the sexual parts of the victim rather than the self-gratification of the abuser. In any event, this court feels constrained to follow the holding of the Appellate Division, even though it is not in our department (People v Blount, 82 Misc 2d 964).
There is the further issue as to whether the mouth is an "intimate” part of the body within the meaning of the statute. The term "intimate part” is not defined in the statute. Case law has held that a person’s buttocks fall within that term (People v Thomas, 91 Misc 2d 724), but the court has not found any case construing the term to include a person’s mouth. World Book Encyclopedia Dictionary defines the word "intimate” as "(1) very familiar * * * (4) very personal, most private”. Although in the act of kissing, one uses the mouth for purposes of sexual gratification, it is not generally considered an intimate part of the body, and it is difficult to perceive it as such within the meaning of this statute in light of the appellate court’s interpretation of the word "touching”. Moreover, unlike the breast and buttocks, a person’s mouth is not kept concealed and it is generally not touched or fondled with *226 the hands for the purpose of sexual gratification. Accordingly, this court finds that the term "intimate parts” does not include a person’s mouth.
The defendant has not advanced any authority in support of his attack against the remaining counts of the indictment, and his argument on the insufficiency of those counts is without merit. Neither the fact that it was the victim who was forced to touch the defendant’s genitals (People v Crandall, 53 AD2d 956), nor that the touching occurred through the clothing (see People v Thomas, 91 Misc 2d 724, supra; Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 130.55, p 486) renders the indictment defective. Finally, the allegations in Count No. 4 are sufficient to support the charge of attempted sexual abuse in the first degree (see People v Fitzgerald, 45 NY2d 574; People v Iannone, 45 NY2d 589). Further details concerning the crime, if necessary, may be requested through a bill of particulars.
 Accordingly, the court grants the motion to dismiss Counts Nos. 1 and 2 of the indictment and is otherwise denied.