OPINION OF THE COURT
Chief Judge Cooke.
Presented for review is the question whether a defendant may be convicted of sexual abuse in the first degree (Penal Law, § 130.65) where he compels another person to touch his sexual or other intimate parts. For reasons that follow, such conduct constitutes sexual abuse.
On the morning of March 15, 1978, the 16-year-old victim was hurriedly walking to school to avoid arriving late. Suddenly, she was accosted by a man riding a motorcycle, later identified as defendant John Ditta. Defendant flashed a badge, which the young woman thought was a police shield, and blocked her path with the motorcycle and his own body. Seeing a knife in his pocket, the victim feared for her life and decided to comply with defendant’s commands.
Ditta.placed his jacket on the ground, got down and directed the victim to get on top of him. He then displayed the knife and threatened to kill her if she did not do what he wanted. The victim was instructed to feel defendant’s crotch area. She testified that she felt as directed for a few minutes, that the area was hard and that defendant’s pants were wet. The young woman then blacked out.
A short time later the police arrived on the scene, having been summoned by a local resident who witnessed many of the events, took down defendant’s license plate number and later testified at trial. The officers, armed with the license number, placed the victim in the patrol car and cruised the area. Five or six blocks away, they spotted defendant on the motorcycle and, after a short chase, apprehended him. He was in possession of a knife and his wallet contained a Department of Sanitation shield. One of the officers observed a wet spot on defendants pants in the crotch area. After a non jury trial, defendant was convicted of sexual abuse, first degree, second degree unlawful imprisonment, criminal possession of a weapon in the fourth degree endangering the welfare of a minor and menacing. The Appellate Division affirmed, without opinion.
*660 On this appeal, defendant’s principal argument is that, because of the terminology of the sexual abuse provision, a person is not guilty of that crime unless he or she touches the sexual or intimate parts of another person. Forcing the other person to touch the defendant’s sexual parts does not amount to sexual abuse, according to defendant.
Sexual abuse in the first degree is committed when a person “subjects another person to sexual contact * * * [b]y forcible compulsion” (Penal Law, § 130.65). Sexual contact is defined as “any touching of the sexual or other intimate parts of a person not married to the actor” (Penal Law, § 130.00, subd 3). In essence, defendant would have the court “strictly construe” the word actor as requiring that the individual charged be the one who touches the other person. The invitation to adopt this grudging interpretation of the statute must be declined. Criminal liability is imposed under section 130.65, not under section 130.00, the definitional section.
Initially, it should be emphasized that the common-law policy of strictly construing a penal code no longer obtains in this State. The Legislature expressly abolished that rule, and ordained instead that the provisions of the Penal Law be interpreted “according to the fair import of their terms to promote justice and effect the objects of the law” (Penal Law, § 5.00). Although this rule obviously does not justify the imposition of criminal sanctions for conduct that falls beyond the scope of the Penal Law (e.g., People v Sansanese, 17 NY2d 302, 306; People v Wood, 8 NY2d 48, 51), it does authorize a court to dispense with hypertechnical or strained interpretations of the statute (see, e.g., People v Abeel, 182 NY 415,420-422). Thus, conduct that falls within the plain, natural meaning of the language of a Penal Law provision may be punished as criminal.
Mindful of these considerations, we begin our inquiry by examining section 130.65, the substantive sexual abuse provision. That statute prohibits a person from subjecting another to sexual contact. Nowhere does the section prescribe which person must perform the actual touching. On its face, it is broad enough to encompass sexual touching of the victim by the defendant or touching of the defendant by the *661 victim under compulsion by the defendant. In either instance, the defendant would be subjecting another person to sexual contact. Thus, by provision of section 130.65, the defendant is made criminally liable, not if he touches another, but if he “subjects another person to sexual contact”. Such subjection would occur if the defendant himself touched the other person, if he caused the other person to touch him, or if he caused the other person to touch a third person. Legislative limitation on the reach of the sexual abuse offense is therefore not discernible from the substantive provision itself. To the contrary, the statute as worded embraces all sexual contact.
Nor does the definition of sexual contact, heavily relied upon by defendant, narrow the scope of the crime to exclude instances in which the defendant causes the victim to touch him. Sexual contact is defined broadly and includes any touching of a person not married to the actor. There is simply no basis for attributing overriding significance to the word “actor” and interpreting it as referring exclusively to the defendant. In a sense, the victim may always be deemed an actor. When the defendant performs the actual touching, the victim is an involuntary, passive actor; if the victim is forced to touch the defendant, the victim becomes an involuntary, active actor. Surely, no one would suggest that the sexual abuse statute is inapplicable merely because the victim is a passive actor. By the same token, it should not be rendered inapplicable where the victim is forced to perform an active role.
The definitional section obviously was intended to accomplish a specific purpose, namely the exclusion of sexual contact between married persons from the ambit of the statute. To read it in a hypertechnical manner that would make the applicability of section 130.65, the otherwise broad substantive sexual abuse provision, turn upon which party is the more active participant would be to reach an absurd result. It would exalt the role of the definitional section far beyond that which was intended.
It is of no moment that other State Legislatures have seen fit to draft their sexual abuse statutes in a different fashion and in some instances more explicitly cover the *662 instant situation, as defendant points out. Our task is to interpret this State’s statute as we find it and ascertain the intent of our Legislature. That other legislatures have chosen a different course, perhaps only to preclude the challenge defendant now raises or for other unknown reasons, cannot be afforded controlling significance.
In sum, given the inclusive nature of section 130.65, the obvious purpose underlying the definitional section and the absence of any other indication that the crime was meant to include only those instances where the defendant performs the actual touching, we conclude that “sexual contact” occurs when the defendant forces the victim to touch his sexual or intimate parts.
Finally, there is no merit to defendant’s argument that the evidence here was legally insufficient to establish the crimes for which defendant was convicted.
Accordingly, the order of the Appellate Division should be affirmed.
Judges Jasen, Gabrielli, Jones, Wachtler, Fuchs-berg and Meyer concur.
Order affirmed.