OPINION OF THE COURT
Richard Lee Price, J.
Defendant’s motion for court inspection of the Grand Jury minutes is granted.
Having carefully examined the minutes the court finds that the evidence adduced before the Grand Jury was legally sufficient to support the charges or any lesser included offenses. The motion for dismissal of the indictment is denied.
The defendant has also moved to dismiss counts 11 and 12 on the ground that the acts charged do not constitute the crime of sexual abuse in the first degree.
This branch of the motion is grounded on the case of People v Kittles (102 Misc 2d 224 [1979]). There a defendant was *571 accused of sexual abuse in the first degree, the same crime as here. One of the elements of sexual abuse is sexual contact. There the alleged sexual contact consisted of the defendant’s kissing the victim against her will and inserting his tongue into her mouth. The Kittles court held that the mouth was not an intimate part of the body and dismissed the case.
This court cannot agree with that conclusion. It is clear to this court, as it is to other courts, that the term "intimate parts” is much broader than the term "sexual parts”. (People v Johnson, 102 AD2d 895 [2d Dept 1984] [wherein the leg was implicitly held to be an intimate body part]; People v Graydon, 129 Misc 2d 265 [Crim Ct, NY County 1985] [wherein the leg was held to be an intimate part]; People v Belfrom, 124 Misc 2d 185 [Sup Ct, Queens County 1984] [wherein defendant’s navel was implicitly held to be an intimate part of the body].) It is also clear that intimacy, as regards parts of the body, must be viewed within the context in which the contact takes place. To put it another way, a body part which might be intimate in one context, might not be intimate in another (see, People v Graydon, supra; People v Belfrom, supra; Matter of David M., 93 Misc 2d 545 [Fam Ct, Bronx County 1978]).
Additional support for including the mouth and its interior within the term "intimate part” as defined by the Penal Law comes from the dictionary definition of intimate. Intimate, according to Webster’s New College Dictionary 600 (1981), means "of a very personal or private nature.” In the opinion of this court, very few things can be more personal or private than the mouth (cf., People v Kittles, supra; People v Belfrom, supra). The court takes note that the vast majority of people are very discriminating in who they allow to touch; and in what they permit to enter this bodily orifice.
Further support for viewing the mouth as an intimate or even sexual part of a person’s body is found in Anonymous G. v Anonymous G. (132 AD2d 459 [1st Dept 1987]). There the court approvingly referred to a finding by Justice Shea which included the same act as alleged here (i.e., the insertion of a tongue into a mouth), within a list of sexually stimulating activities.
The court is further persuaded of the correctness of its decision by the reasoning implicit in People v Johnson (supra). The court by its decision assumed that a leg could be considered an intimate part of the body.
The appellate court in Johnson (supra) did not even question *572 whether or not a leg was an intimate part of the body and instead focused entirely on the issue of whether or not touching could be by something other than the hands. Were there to have been a question as to whether or not a leg could be considered an intimate part of the body, surely the appellate court would have discussed it. This failure to do so leads us to the conclusion that a leg can be an intimate part of the body. Therefore if a leg, which is not an opening to the interior of the body and is very often exposed to the touch of the outside world, be considered an intimate part of the body, how much more so can the mouth be considered, at least sometimes, an intimate part of the body since it is an opening to the interior of the body and is normally closed off to the outside world.
This expansive interpretation of the term "intimate parts” is further supported by the case of People v Ditta (52 NY2d 657). The court there held that based upon its legislative history, the Penal Law now authorized the construing of the Penal Law in a manner comporting with the fair import thereof (Penal Law § 5.00; People v Ditta, supra, at 660). To this court a fair import of the term "intimate part” must include, by any rational standard, the interior of a person’s mouth.
Although it is not addressed by the parties I note that there is also a question of whether or not the mouth can be considered a sexual part of the body. The court takes judicial notice that not all body parts, universally considered as sexual, are directly involved in sexual intercourse (e.g., a woman’s breast). The court also takes judicial notice that a person’s mouth is very often used within a sexual context (e.g., "French kissing” and fellatio).
The legislative history of this section and the Court of Appeals interpretation thereof makes it clear that this section is to be read expansively (People v Ditta, supra).
Accordingly, I find that within the context of the facts presented here the mouth can be considered a sexual part of the body. The motion to dismiss counts 11 and 12 on the grounds that the conduct alleged does not constitute the crime of sexual abuse in the first degree is denied.