THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

WILLIE R. FELTON, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, after a jury trial, of sexual abuse in the third degree, attempted sexual abuse in the third degree and harassment. Defendant contends that a statement he made to his wife at the time of his arrest, which was overheard by the arresting officer, should have been suppressed as the fruit of an illegal arrest or a violation of his right to counsel, or excluded from evidence as a confidential spousal communication. Defendant claims that, because the arrest warrant was not produced at trial, his arrest was illegal and, consequently, his statement must be suppressed. The People's failure to produce the arrest warrant at trial does not retroactively invalidate the arrest, which was not challenged by way of a motion to suppress (CPL 710.70 [3]). Defendant's claim that his statement was taken in violation of his right to counsel is similarly unavailing. Although defendant's right to counsel had attached as a result of the filing of an accusatory instrument and issuance of an arrest warrant *(People v Samuels,* 49 NY2d 218), it is clear that defendant's statement was not the product of custodial interrogation or its functional equivalent *(see, People v Harris,* 57 NY2d 335, 342, *cert denied* 460 US 1047; *People v Stoesser,* 53 NY2d 648, 650). Additionally, defendant contends that his statement should have been excluded because it was made to his wife and thus subject to the marital privilege. Communications between husband and wife made in the presence of a third person are not confidential and therefore not privileged *(People v Ressler,* 17 NY2d 174, 179). A third person who overhears a communication between husband and wife may testify to it *(see generally,* Richardson, Evidence § 451 [Prince 10th ed]).

Relying on *People v Rosario* (9 NY2d 286, *cert denied* 368 US 866), defendant contends that the People's failure to produce the arrest warrant at trial requires reversal of his conviction. The simple answer to that argument is that a warrant does not constitute *Rosario* material as it is not a statement of "a person whom the prosecutor intends to call as a witness at trial" (CPL 240.45 [1] [a]). In actuality, defendant's claim is that he was deprived of effective cross-examination of the arresting officer because he did not have the warrant. It is difficult to see how the warrant would have aided defendant's cross-examination of the arresting officer. The issue was one of credibility for the jury. Defendant claimed that he was shown the warrant at the time of arrest and thus was made aware of the nature of the charges against

him. The officer testified, to the contrary, that he did not show the warrant to defendant. Therefore, the contents of the warrant were irrelevant. It was simply a question of which testimony the jury believed.

The court properly submitted the charges of third degree sexual abuse and attempted third degree sexual abuse to the jury as they were lesser included offenses of first degree sexual abuse and attempted first degree sexual abuse and there was a reasonable view of the evidence to support convictions for the lesser charges but not the greater. The victim testified that defendant touched her or attempted to touch her without her consent but did not testify to threats or use of force. Defendant claims that the court erred in charging the jury that the victim's buttocks constituted "sexual or other intimate parts" of the victim (Penal Law § 130.00 [3]). We have previously held that touching the victim's buttocks constitutes sexual contact as defined by statute *(People v Boykin,* 127 AD2d 1004, *lv denied* 69 NY2d 1001; *see also, People v Darryl M.,* 123 Misc 2d 723, 735). Finally, the verdict was not against the weight of the evidence. The testimony at trial presented diametrically conflicting versions by the victim and defendant and thus presented a question of fact for the jury. (Appeal from judgment of Oneida County Court, Parker, J.—sexual abuse, third degree, and other charges.) Present—Dillon, P. J., Denman, Balio, Lawton and Davis, JJ.