OPINION OF THE COURT
Bernard S. Greenbaum, J.
The defendant is charged with sexual abuse in the second degree, in violation of Penal Law § 130.60 (1).
The defendant, in an omnibus motion, is seeking: (1) dismissal of the accusatory instrument; (2) a bill of particulars; (3) discovery; (4) preclusion of statement evidence; (5) exculpatory evidence/witness statements; (6) Sandoval relief and (7) a reservation of rights.
*1019 The court has reviewed the defendant’s moving papers and the court file and finds as follows:
FACTS
An information has been filed accusing the defendant of sexual abuse in the second degree in that the defendant kissed the 12-year-old complainant on the mouth.
DISMISSAL OF THE ACCUSATORY INSTRUMENT
The branch of defendant’s motion seeking to dismiss the accusatory instrument is granted. However, this court finds that the element of sexual contact has been pleaded sufficiently.
To be facially sufficient, an information must contain non-hearsay factual allegations establishing or tending to establish each and every element of the offenses charged and the defendant’s commission thereof (CPL 100.15, 100.40). The instant information fails to conform to the preceding requirements in that the facts pleaded do not establish the crime charged. The defendant is charged with Penal Law § 130.60 (1). Penal Law § 130.60 provides:
"A person is guilty of sexual abuse in the second degree when he subjects another person to sexual contact and when such other person is:
"1. Incapable of consent by reason of some factor other than being less than seventeen years old; or
"2. Less than fourteen years old.”
The information provides, in pertinent part, that the defendant "did kiss her [complainant] on the mouth.” Deponent states that the complainant "was born on February 8, 1979 and is less than fourteen years of age.”
The information alleges facts establishing the elements of Penal Law § 130.60 (2), not § 130.60 (1), in that no factors other than complainant’s age have been alleged. Therefore, the information is defective. The People are granted two weeks leave to amend the accusatory portion of the information pursuant to CPL 100.45 (3), as facts alleged in the information support a crime not charged.
As to the issue of whether the facts alleged establish sexual contact, an essential element of sexual abuse in the second degree, this court finds that a kiss on the mouth does establish sexual contact.
*1020 Sexual contact is defined in Penal Law § 130.00 (3) as follows: " 'Sexual contact’ means any touching of the sexual or other intimate parts of a person not married to the actor for the purpose of gratifying sexual desire of either party. It includes the touching of the actor by the victim, as well as the touching of the victim by the actor, whether directly or through clothing.”
While the Legislature did not promulgate an express list of sexual or intimate body parts, support for holding that a kiss on the mouth constitutes a touching of an intimate part is found in recent case law. It has been established that "intimate parts” is a much broader term than sexual parts and that intimacy must be viewed within the context in which the contact takes place. (People v Rivera, 138 Misc 2d 570 [Sup Ct, Bronx County 1988]; People v Graydon, 129 Misc 2d 265 [Crim Ct, NY County 1985].) Further in Matter of David M. (93 Misc 2d 545 [Fam Ct, Bronx County 1978]), the court held that sexual contact only requires the abuse of the victim’s body and privacy.
The court, in People v Rivera (supra, at 572), held that the mouth was a sexual part of the body where the defendant inserted his tongue into the victim’s mouth. In Anonymous G. v Anonymous G. (132 AD2d 459 [1st Dept 1987]), the court referred to a list of sexually stimulating activities which included the insertion of a tongue into a mouth. Thus, courts have held the mouth to be a sexual part where a tongue has been inserted into the mouth. Since intimate part is a much broader term than sexual part (see, People v Rivera, supra), it is clear to this court that where an individual is kissed on the mouth absent the insertion of a tongue, the mouth can be considered an intimate part of the body. Accordingly, this court holds that a kiss on the mouth without the insertion of a tongue can be considered a touching of an intimate part, constituting the essential element of sexual abuse. This holding is in direct contrast to the holding of People v Kittles (102 Misc 2d 224 [Suffolk County Ct 1979]).
Therefore, the facts pleaded in the information are sufficient to sustain the charge of sexual abuse in the second degree under subdivision (2) of Penal Law § 130.60. As stated previously, the People have two weeks to amend the information accordingly.
BILL OF PARTICULARS
The branch of defendant’s motion seeking a bill of particu *1021 lors shall be deemed a request for a bill of particulars pursuant to CPL 200.95.
DISCOVERY
This branch of defendant’s motion shall be regarded as a demand for discovery pursuant to CPL 240.20.
PRECLUSION OF STATEMENT EVIDENCE
The branch of defendant’s motion seeking to preclude statement evidence is denied. If the People are granted leave to serve late statement notice, the defendant will be given an opportunity to move to suppress such evidence at that time.
EXCULPATORY MATERIALS/WITNESS STATEMENTS
The People are reminded of their obligation pursuant to Brady v Maryland (373 US 83 [1963]) and People v Rosario (9 NY2d 286 [1961]).
SANDOVAL RELIEF
The branch of the defendant’s motion seeking Sandoval relief is granted to the extent that the defendant may renew this portion of the motion before the Trial Judge.
RESERVATION OF RIGHTS
The defendant’s right to make further motions is reserved to the extent indicated in CPL 255.20.