OPINION OF THE COURT
Gerald Harris, J.
The defendant is charged with criminally using drug paraphernalia in the second degree (Penal Law § 220.50 [1]). He *911 moves to dismiss the accusatory instrument as facially insufficient. Defendant also moves for a bill of particulars, discovery and inspection. He further moves to suppress statement evidence and to suppress physical evidence as the fruit of an illegal arrest. Finally, defendant moves to preclude unnoticed identification evidence and the introduction of prior criminal history and/or bad acts.
The motions are decided as follows:
Facial Sufficiency
The complaint charges defendant with one count of criminally using drug paraphernalia in the second degree. The factual allegations in the complaint recite that the defendant was observed selling a pipe to a customer for $1 and that 71 “empty crack pipes” were recovered from a bag behind the counter at the deli in which defendant was working.
Defendant moves to dismiss the complaint as facially insufficient, arguing that the possession and sale of pipes is not within the statutory proscription. In response, the People concede that the facts alleged do not fall within the ambit of subdivision (1) of Penal Law § 220.50, which deals specifically with dilutants and other chemical compounds. The People argue, however, that possession of the pipes (which the People characterize as “crack pipes”) is covered by subdivision (2) of Penal Law § 220.50 and, at the argument on the motion, orally moved to amend the complaint to charge Penal Law § 220.50 (2). The court deferred ruling on the request to amend pending a review of the motion to dismiss. As discussed below, the court finds that the possession or sale of pipes, even pipes designed for the smoking of crack, does not violate any one of the three subdivisions of Penal Law § 220.50 and, accordingly, the proposed amendment would be ineffective and leave to so amend is denied.
Penal Law § 220.50 (2) makes it unlawful to knowingly possess or sell:
“Gelatin capsules, glassine envelopes, vials, capsules or any other materialfs] suitable for the packaging of individual quantities of narcotic drugs or stimulants under circumstances evincing an intent to use, or under circumstances evincing knowledge that some person intends to use, the same for the purpose of unlawfully manufacturing, packaging or dispensing of any narcotic drug or stimulant” (emphasis added).
*912 The question, which appears to be one of first impression, is whether the possession of a large quantity of pipes suitable for the smoking of crack cocaine, or the sale of such a pipe, is violative of the statute which makes criminal the use or sale of drug paraphernalia.
It is axiomatic that a criminal statute must give fair notice of the conduct criminalized (People v Ditta, 52 NY2d 657, 660 [1981]) and the activities proscribed must fall clearly within the ambit of the statute (People v Ditta, supra; People v Gottlieb, 36 NY2d 629, 632 [1975]). Penal Law § 220.50 (2) lists various items which are proscribed if they are possessed under circumstances evincing an intent to use them for “manufacturing, packaging or dispensing * * * any narcotic drug.” Pipes are not among the items specified. Nor do they fall within the cátchall phrase “any other material suitable for * * * packaging.” The manifest purpose of a crack pipe is to smoke crack; it does not serve as an instrument for the manufacturing, packaging or dispensing of drugs.
It is apparent that the intent of the statute was to enable law enforcement to prosecute “factory” cases where persons engaged in drug trafficking may be held accountable even if there is no additional evidence of possession or sale of a controlled substance at the time the drug paraphernalia is found. (Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 220.50, at 164.)
Thus, the Legislature listed items clearly suitable for drug packaging and dissemination such as capsules, envelopes and vials. The statute does not include items the function of which would be to facilitate drug use or ingestion. Indeed, in the one instance where the Legislature chose to criminalize the possession of an article used for drug consumption, i.e., a hypodermic instrument — it did so by a separate statute, Penal Law § 220.45, the successor to former Penal Law § 1747-e.
It is not as though the purchase and sale of crack pipes is left unregulated. Indeed, by enacting so-called “head shop” laws, the Legislature appears to have opted to treat the possession and sale of implements designed for the purpose of “ingesting, inhaling, or otherwise introducing marihuana, cocaine [or] hashish * * * into the human body” as a nuisance, subjecting the objects to seizure and forfeiture and the actors to civil monetary penalties. (General Business Law, art 39, § 850 [2] [h]; Public Health Law art 33.)
Thus, given the omission of any specific reference to pipes or crack pipes in Penal Law § 220.50, the explicit description in *913 that statute of the use which is criminalized (manufacturing, packaging or dispensing, not drug ingestion or consumption), and the obvious legislative preference to treat items such as crack pipes civilly, the complaint must be dismissed. The other branches of defendant’s motion are rendered moot.