OPINION OF THE COURT
Per Curiam.
The proof adduced at trial shows that defendant “confronted” the complainant, a co-worker, put his hands around the complainant “so [she] couldn’t move,” “grabbed” and “caressed” the complainant’s buttocks through her clothing, and “stuck his tongue all over [the complainant’s] face” in an unsuccessful effort to kiss her. The encounter persisted despite the complainant’s protests, and ended only when the complainant managed to free herself from defendant’s grasp. Defendant “just smiled” and “giggled” in response to the complainant’s inquiry as to why he was “doing this,” and he immediately left the scene. Crying hysterically and fearful that defendant might return, the complainant sought refuge in a nearby locked bathroom and hurriedly left the building soon thereafter. The complainant called a colleague on her cellular telephone and told him about the incident within 10 minutes of its occurrence, and formally reported the incident to the police within five days.
Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620, 621), the defendant’s conduct in grabbing and caressing the complainant’s buttocks was legally sufficient to support defendant’s conviction of sexual abuse in the third degree (Penal Law § 130.55; see, Matter of Joel H., 279 AD2d 266; Matter of Kenny O., 276 AD2d 271, lv denied 96 NY2d 701; Matter of Xheenan N., 273 AD2d 50; Matter of Randolph P., 254 AD2d 94; People v Felton, 145 AD2d 969, 971, lv denied 73 NY2d 1014; People v Boykin, 127 AD2d 1004, lv denied 69 NY2d 1001; cf., People v Ledwitz, NYLJ, Nov. 28, 1997, at 28, col 4 [App Term, 1st Dept], lv denied 91 NY2d 894 [“fleeting and casual touching” of the complainant’s covered buttocks found “insubstantial” where the complainant herself refused to describe it as “grabbing” or “pushing in”]).
Defendant’s purported claim that the evidence was not legally sufficient to support the verdict — as advanced both in his motion for a trial order of dismissal and his brief on appeal — in reality challenges the weight of the evidence solely on credibility grounds. Defendant’s argument, in essence, was (and is) that the complainant’s testimony depicting sexual *117 conduct was unworthy of belief, not that the conduct complained of, if committed, would be insufficient to support a sexual abuse conviction. The dissent has reached out beyond the narrow limits of defendant’s “legal sufficiency” claim to conclude that the evidence, including the complainant’s credited testimony, was insufficient to support the sexual gratification element of the offense charged. Were this unpreserved and unbriefed issue properly before us, we would find to the contrary for reasons that follow.
To establish the crime of third degree sexual abuse the proof must show that the defendant subjected the victim to sexual contact without consent. “Sexual contact” is defined broadly as “any touching of the sexual or other intimate parts of a person * * * for the purpose of gratifying sexual desire of either party” (Penal Law § 130.00 [3]; see, People v Ditta, 52 NY2d 657, 661). “The statute does not require that actual gratification occur, but only that the touching be for that purpose.” (People v Teicher, 52 NY2d 638, 646.) Because the question of whether a person intended to obtain sexual gratification generally presents a subjective inquiry, the sexual gratification component of the offense may properly be inferred from the perpetrator’s conduct itself (see, People v Beecher, 225 AD2d 943, 944-945; People v Watson, 281 AD2d 691). The evidence in this case permitted a reasonable inference that defendant sought sexual gratification when he grabbed and caressed the complainant’s buttocks while trying to “French kiss” her. Indeed, had the defendant actually been able to accomplish his apparent objective of kissing the complainant in her mouth using his tongue, that conduct alone would have sufficed to constitute “sexual contact” as defined in Penal Law § 130.00 (3) (see, Matter of David V., 226 AD2d 319; Matter of Michael J., 267 AD2d 126). Although the complainant’s considerable efforts to resist prevented defendant from doing so, defendant “stuck his tongue all over” the complainant’s face, conduct which, in the absence of contrary evidence, vividly established that defendant was seeking sexual gratification when he grabbed and caressed the complainant’s buttocks. Significant also was the testimony of prosecution witness Abramowitz, a shared acquaintance of the defendant and the complainant, indicating that several days after the incident defendant admitted to him, without inquiry or prompting, that he (defendant) “had a little problem [because] he gave [the complainant] a kiss” and that he “regretted” the incident. This evidence both confirmed the occurrence of the incident and evinced the defendant’s consciousness of guilt.
*118 The standard for reviewing the legal sufficiency of evidence in a criminal case is firmly settled — whether after viewing the evidence in the light most favorable to the prosecution and giving it the benefit of every reasonable inference, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt (see, Jackson v Virginia, 443 US 307, 319; People v Contes, supra, 60 NY2d, at 621; People v Grassi, 92 NY2d 695, 697). In concluding that the sexual gratification element of third degree sexual abuse was not sufficiently established at trial, the dissent appears to stray from this review standard when it characterizes defendant’s conduct as merely “fleetingly touch [ing]” rather than “grabbling]” the complainant’s buttocks (dissenting opn, at 121). The trial evidence was to the contrary, however, with the complainant testifying without contradiction that defendant grabbed and caressed her buttocks while “confront[ing]” and restraining her — evidence which, viewed most favorably to the People, established far more than a “fleeting” touch.* The Trial Judge, as fact finder, reasonably credited the complainant’s clear and consistent testimony, and permissibly drew the logical inference based upon common experience that the purpose of defendant’s actions was for sexual gratification. There is no evidence in the record to negate that inference, or any sound legal basis to vacate the trial court’s rational verdict on legal insufficiency grounds.
While it may be, as the dissent suggests, that Penal Law § 130.55 prosecutions at times target sexual conduct more brazen or depraved than the acts committed by defendant here, that does not mean that a showing of brazen or depraved conduct is required to sustain a conviction under the statute. To the contrary, all the People need show is that a defendant, without consent, subjected another to “sexual contact,” i.e., “any touching of the sexual or other intimate parts of a person” for the purpose of sexual gratification (Penal Law § 130.00 [3] [emphasis supplied]). As the controlling case law makes clear, the intentional and sexually motivated touching of a person’s covered buttocks — whether by a co-worker, social acquaintance *119 or other — unquestionably qualifies as “sexual contact” under the statute and is properly punishable by criminal sanction (see, Matter of Kenny O., supra, 276 AD2d 271; People v Felton, supra, 145 AD2d, at 971; see also, People v Smyers, 167 AD2d 773, lv denied 77 NY2d 967). Even if the incident giving rise to this prosecution represented a “single instance of ardor” (dissenting opn, at 119), the fact remains that the trial evidence provided no credible innocent explanation for the clearly sexual conduct shown to have occurred (see, Matter of Joel H., supra, 279 AD2d 266; Matter of Troy B., 270 AD2d 107).
Moreover, upon our independent review of the facts, we are satisfied that the verdict was not against the weight of the evidence. The issues raised by defendant concerning the credibility of witnesses and inconsistencies in testimony were properly considered by the court, and we find no reason on the record before us to disturb its determination. Although the dissent appears to suggest otherwise, neither the generally “congenial” atmosphere of the worksite, the “isolated” nature of defendant’s actions, nor the complainant’s brief delay in reporting the incident to the police during her employer’s investigation of the matter diminishes the seriousness of the unconsented to sexual contact depicted in the record or renders the complainant’s testimony unworthy of belief (see, People v Wilson, 256 AD2d 637, 638, lv denied 93 NY2d 880).
Phyllis Gangel-Jacob, J. (dissenting). As sensitive as we all must be to complaints of sexual abuse, I do not believe that our law meant to attach criminality in the case of a single instance of ardor (a kiss and an embrace), albeit unrequited, between two adults well known to each other, who have worked together and even socialized with each other over a long period of time.
It is for this reason that I respectfully dissent and vote to reverse defendant’s conviction of the charge of sexual abuse in the third degree (Penal Law § 130.55) as legally insufficient and manifestly against the weight of the evidence.
This criminal prosecution stems from a single encounter* during business hours between two long-time co-workers of a *120 large “Fortune 500” company in the mail room where they were both assigned to work. The evidence at trial was that on the date of the incident, March 5, 1999, approximately 18 people were employed in the mail room, many of whom also were long-time co-workers of both the complainant and the defendant. According to the evidence, the atmosphere among the mail room employees was a congenial and sociable one; it was not unusual for the fellow employees to seek one another out and bid each other goodbye with well wishes at the end of the work day. By the complainant’s own account she got along with everybody “down there.” She also testified that every one knew that she was engaged. Along these lines there is evidence that the complainant discussed ideas for her wedding with some of her co-workers and had invited some of them to a party that a friend of hers was giving.
On March 5, 1999 defendant and one other mail room employee were on an 8:00 a.m. to 4:00 p.m. shift. The complainant’s shift ended at 4:30 p.m.; everyone else in the mail room worked until 5:30 p.m. and beyond. Not surprisingly the evidence was that the mail room of this large publishing company is a very busy place from about 4:00 in the afternoon until about 6:00 in the evening. According to the People’s evidence at trial, on the Friday in question when he was leaving work the defendant “confronted” the. complainant in the large open area of the mail room where she was processing mail to wish her “a nice weekend” and “kind of’ put his arms around her and attempted to kiss her mouth without complainant’s consent. There was no testimony that defendant pushed his body against complainant’s or that he rubbed her body against his when he fleetingly touched her buttocks, nor was there testimony that he said anything to her other than “have a nice weekend.” Indeed, the complainant’s testimony was that the whole event happened very quickly and when she ducked away from the defendant he immediately let go of her.
Even when viewed in the light most favorable to the People, the evidence was insufficient to establish the defendant’s guilt of third degree sexual abuse. While the act of touching a person’s buttocks may constitute “sexual contact” within the meaning of Penal Law § 130.00 (3) (see, e.g., Matter of Kenny O., 276 AD2d 271, lv denied 96 NY2d 701 [appellant grabbed the victim’s buttocks after comments replete with sexual innuendo]; People v Tenden, 232 AD2d 244, lv denied 89 NY2d 947 *121 [defendant, inter alia, entered a Penn Station ladies’ room, grabbed the victim’s buttocks, and demanded sex]), there is insufficient evidence in this record to establish that defendant “grabbed” rather than fleetingly touched complainant’s buttocks or intended to make sexual contact with the complainant while the two were standing in open view in an unconcealed area of the office space that they shared with approximately 16 other workers. The defendant’s approach, though objectionable, was unaccompanied by any sexually suggestive statements or entreaties, and was not shown beyond a reasonable doubt to have been undertaken for the purpose of gratifying sexual desire (see, People v Ledwitz, NYU, Nov. 28, 1997, at 28, col 4 [App Term, 1st Dept], lv denied 91 NY2d 894).
In this regard, the majority’s description of the complainant’s “considerable efforts” to resist the defendant’s overtures and that the defendant sought sexual gratification conveys an overdrawn notion of what in fact did transpire which, by the complainant’s own testimony, was a momentary act. The complainant’s testimony is that when defendant shook the complainant’s hand he then pulled her towards him and, being taller than she, put his arms around her arms and in the process very quickly touched her buttocks. He tried to kiss her. She moved her head to avoid the kiss and that is when his tongue is said to have made contact with her cheek below her nose instead of her mouth. She then ducked away from the defendant’s grasp, at which point the defendant immediately let her go. The majority has glossed over the major flaw in this case — that under any analysis such an isolated and fleeting incident of such indeterminate motive between two friendly coworkers does not satisfy the element of sexual gratification necessary to sustain a charge of third degree sexual abuse against this defendant — by utilizing the complainant’s testimony that when she questioned his conduct, the defendant “just smiled” and “giggled” and immediately left the scene, as indicative of defendant’s intention to achieve sexual gratification. The more obvious interpretation is that this fact, coupled with the testimony of the prosecution’s witness Abramowitz, upon which the majority also relies, that defendant admitted he regretted having kissed the complainant, shows that the conduct complained of was a clumsy embarrassing overture, not an intentional act of sexual abuse. The majority does not cite to, nor can I locate, any case law that imposes such harsh criminal consequences based upon a single incident like this. This case does not involve an overture com *122 xnitted by a relative stranger, or an indecent act committed upon a helpless child or adolescent. In this regard, I find the majority’s likening of the facts of this case to others charging the crime of sexual abuse in the first degree for the forcible kissing of three- and four-year-old children in their mouths to be seriously misplaced. Penal Law § 130.55, reasonably enforced, does not require the criminalization of a single advance by a misguided, would-be suitor devoid of abusive intent and it is unthinkable, because of one misdirected kiss, that the law could be applied in this case.
Moreover, the totality of the circumstances shows the trial court’s verdict is against the weight of the evidence. The evidence shows that the complainant did not cry out or call for help at the time of the complained of conduct. Although she testified that she “[did]n’t think anybody [else] was there” (4:10 p.m. on a Friday), the complainant readily acknowledged that the incident took place in a “very open area” of the mail room where at least two other people, one an assistant supervisor, were present “right before” the incident but, by her own account, she had assumed that no one was there at the time of the conduct complained of because “when [defendant] had left I immediately walked away from the outgoing station and there was nobody in the mail room.” The complainant further admitted that she did not report the incident to the police until a full five days after the occurrence, her reason being that she finally did so when she realized “nothing was being done” by her corporate employer.
In point of fact, the evidence was that after the complainant reported the incident to her corporate employer the defendant was reassigned within the company so as to be separated at all times from where the complainant was assigned, and that the complainant nevertheless did not return to work but belatedly went on paid leave on the very day she instigated the defendant’s arrest.
Further, on at least two previous occasions during her employment at this same company, this complainant had lodged intracompany complaints, both formal and informal, involving perceived advances of a sexual nature against other co-workers, one of whom it appears had been involved in a consensual intimate relationship with the complainant at or shortly before the time that she lodged her complaint against him. These circumstances, together with the complainant’s evasive testimony about her potential pursuit of a civil lawsuit based upon the incident, serve to seriously undermine the persuasiveness of the People’s case.
*123 McCooe, J. P., and Suarez, J., concur; Gangel-Jacob, J., dissents in a separate memorandum.

 While it is true, as the dissent indicates, that at one point on direct examination the complainant testified that defendant “very quickly * * * caressed” her buttocks, this portion of her testimony, read in context, clearly was meant to convey the suddenness, and not the duration, of the defendant’s touching, as reflected by the complainant’s testimony during the same response that defendant had “caught [her] off guard” and the complainant’s subsequent testimony on cross-examination that the defendant’s hands “went directly” to her buttocks.

 Even in a civil context reason requires a showing that more than one unpermitted act has occurred before sexual harassment creating a hostile work environment may be found to exist (see, e.g., Mauro v Orville, 259 AD2d 89, 91, lv denied 94 NY2d 759 [“The law is violated when the workplace is permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe or pervasive to alter the conditions of the victim’s employment and create an abusive working environment”]). Notably, the complain *120 ant’s testimony that she got along with everybody shows the pervasive environment identified in civil harassment cases did not exist in this case.