*458 OPINION OF THE COURT
Michael Gerstein, J.
The issue in this case is whether “no,” proclaimed by a 13-year-old student to her 24-year-old substitute teacher, in fact means “no,” and whether the teacher’s refusal to heed his student’s admonition, coupled with his act of blocking the door and preventing the 13 year old from leaving his residence, constitutes attempted sexual abuse in the second and third degrees. We hold that the 13 year old’s rejection of her teacher’s advances, along with his act in preventing the minor from leaving while attempting to kiss her, sufficiently make out each of the crimes alleged in the complaint, particularly in that, as a matter of law, a minor under the age of 14 is legally incapable of consenting to sexual conduct. (Penal Law § 130.60 [2].)
Defendant is charged with attempted sexual abuse in the second degree (Penal Law §§ 110.00, 130.60 [2]), attempted sexual abuse in the third degree (Penal Law §§ 110.00, 130.55), unlawful imprisonment in the second degree (Penal Law § 135.05), harassment in the second degree (Penal Law § 240.26 [1]), and endangering the welfare of a child (Penal Law § 260.10).
Defendant moves to dismiss the counts of Penal Law §§ 110.00, 130.55 and §§ 110.00, 130.60 (2) for facial insufficiency pursuant to CPL 170.30 (1) (a); 170.35 (1) (a), (b); 100.15 and 100.40. In the alternative, defendant moves to reserve his right to make further motions pursuant to CPL 255.20 (3). For the following reasons, defendant’s motion for dismissal is denied; defendant’s motion to reserve his right to make further motions is granted to the extent provided by CPL 255.20 (3).
Factual and Legal Background of the Case
In order to be sufficient on its face, an accusatory instrument must allege facts sufficient to provide reasonable cause to believe that the defendant committed the offenses charged. (CPL 100.40 [4] [b]; People v Dumas, 68 NY2d 729 [1986].) The allegations must be nonhearsay. (People v Alejandro, 70 NY2d 133 [1987]; CPL 100.40 [1] [c].)
The complaint states, in relevant part:
“Deponent is informed by L.* that the Defendant who is a teacher at the Informant’s school, walked *459 Informant to Defendant’s home and that, at the above time and place [May 7, 2007 at 316 10th Street], the Informant wanted to leave the Defendant’s home and the Defendant blocked Informant from the door, put Defendant’s hand on the door, and told Informant that the Informant could not leave.
“The Deponent is further informed by Informant that the Defendant asked Informant for a kiss and that the Informant said no, and that the Defendant moved Defendant’s face in close proximity to Informant’s face, and that the Informant told the Defendant no.
“The above described actions caused the Informant to become alarmed and annoyed.”
The complaint further indicates that, at the time of the alleged incident, complainant L. was two months shy of her fourteenth birthday. While this is not alleged in the complaint, discovery materials in the court file indicate that defendant was the complainant’s substitute teacher on the date of the alleged incident.
The Complaint Sufficiently Alleges Attempted Sexual Abuse in the Second Degree (Penal Law §§ 110.00, 130.60 [2]) and Attempted Sexual Abuse in the Third Degree (Penal Law §§ 110.00, 130.55)
A person is guilty of sexual abuse under Penal Law § 130.55 when he or she “subjects another person to sexual contact without the latter’s consent.” In order to sustain a charge of Penal Law § 130.60 (2), a complaint must allege both that defendant “subjected] another person to sexual contact” and that this person was under 14 years old. A person is guilty of an attempt to commit a crime when “with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime.” (Penal Law § 110.00.)
Defendant argues that the complaint insufficiently alleges these charges for two reasons. Defendant first argues that, according to the allegations in the complaint, he did not aggressively pursue the complainant, and ceased all activity when she said “no.” He further argues that the act of moving one’s face in close proximity to the victim’s face is insufficiently aggressive *460 or sexual to constitute sexual abuse. Second, defendant argues that, in the context of the allegations herein, the mouth should not be considered a sexual part of the body so as to establish attempted sexual contact (defendant’s mem at 7). The People counter that the complaint sufficiently establishes each element of the crime at this stage of the proceedings. We consider each of defendant’s arguments in turn.
A. The Complaint Sufficiently Establishes Nonconsensual Sexual Contact
Defendant’s counsel asserts that defendant was merely asking for a kiss, conduct which does not rise to sexual abuse. This argument, however, relies on a flawed reading of both the statutes and the complaint. The statutes under which defendant is charged do not require that defendant’s conduct be aggressive or forceful, but merely require a showing that defendant attempted nonconsensual sexual contact. (Penal Law §§ 110.00, 130.55, 130.60 [2].)
The accusatory instrument herein alleges that when complainant L. tried to leave defendant’s home, defendant told her she could not leave, blocking the doorway; and that, when complainant refused to kiss the defendant, he attempted to take what was denied to him by swooping his face close to that of complainant L. This alleged conduct amounts to far more than merely requesting a kiss, and we do not intend our ruling here to express any opinion on whether merely requesting a kiss from a minor, without more, constitutes any of the crimes alleged. Assuming at this stage that kissing constitutes sexual contact (see discussion infra), defendant’s attempt to kiss complainant over her initial objection, coupled with his physically and verbally coercive conduct, constitutes attempted sexual contact. (See People v Bracey, 41 NY2d 296, 300 [1977] [in order to show attempt, the alleged act need not be the final one to complete the offense, but need only “carry the project forward within dangerous proximity to the (commission of the crime)”].)
In determining whether a defendant could be convicted of attempted sexual abuse, courts have therefore not required contact between defendant and the victim, but merely sought to determine whether the inchoate act was sexual. (See Matter of Rayshawn D., 295 AD2d 175 [1st Dept 2002] [the act of pulling victim’s head towards defendant’s crotch and asking her to perform a sexual act constituted attempted sexual abuse in the third degree]; People v Brown, 251 AD2d 694 [3d Dept 1998] [the act of reaching towards the sleeping victim’s breasts and *461 stopping when she awoke and told him to leave was sufficient to constitute attempted sexual abuse in the third degree].)
Defendant cites People v Sumpter (190 Misc 2d 115 [App Term, 1st Dept 2001], Iv denied 97 NY2d 762 [2002] [sexual abuse in the third degree established where defendant groped complainant’s buttocks through her clothing and licked her face in an unsuccessful attempt to kiss her]) and People v Clark (159 Mise 2d 105, 108 [Grim Ct, Kings County 1993] [attempted sexual abuse in the third degree was established where defendant grabbed complainant around the neck and waist, and said “I want your pussy”]), both cases where the defendants physically seized their victims. Defendant argues that the statutes were aimed at conduct more egregious than that found here, where no physical contact is alleged between defendant and complainant.
Sexual abuse, however, like any crime, can encompass a range of conduct, and the greater coercion of a defendant in another case cannot alone excuse the alleged conduct of defendant in this case. (See People v Sumpter, 190 Misc 2d at 118 [“(w)hile . . . (sexual abuse) prosecutions at times target sexual conduct more brazen or depraved than the acts committed by defendant here, that does not mean that a showing of brazen or depraved conduct is required to sustain a conviction under the statute”].) The statutes under which defendant is charged merely require a showing of attempt to subject another to sexual contact without consent, and do not require aggressive physical conduct. (Matter of Rayshawn D., supra-, People v Brown, supra.)
Moreover, the legal definition of sexual abuse has much evolved since the time when a woman’s “struggle to the utmost” and a man’s near-mortal force were required to establish abuse or lack of consent. (Compare Brown v State, 127 Wis 193, 106 NW 536 [1906] [complainant’s failure to resist her rapist to the utmost of her physical abilities required the reversal of defendant’s conviction] and People v Yanik, 55 AD2d 164, 167 [1st Dept 1977] [holding that “(r)ape is not committed unless the woman opposed the man to the utmost limit of her power ... (a) feigned or passive or perfunctory resistance is not enough. It must be genuine and active and proportioned to the outrage”], with People v Yanik, 43 NY2d 97, 99 [1977] [noting that the “ ‘utmost resistance’ (requirement) has been widely discredited”].)
Sexual abuse can be established where defendant forcefully holds the complainant, as occurred in People v Clark (supra) *462 and People v Sumpter (supra), but may also be shown where, as here, an older and presumably stronger defendant, in a position of authority by virtue of being complainant’s teacher, forcibly detains his 13-year-old student inside his home, and “asks” her to perform a sexual act. (See Michelle J. Anderson, Reviving Resistance in Rape Law, 1998 U 111 L Rev 953, 958 [1998] [noting that only 13% of rape victims physically fight back against their attackers, believing that fighting back increases their chances of being killed, beaten or mutilated, and that most victims are terrified into compliance by their abusers].)
Defense counsel’s assertion that defendant merely brought his face close to complainant because he was “awaiting her response” (defendant’s mem at 6) is an issue for the trier of fact, to be reserved for trial. The facts alleged in a complaint need only establish the existence of a prima facie case, and need not be legally sufficient to prove guilt beyond a reasonable doubt. (People v Jennings, 69 NY2d 103, 115 [1986].) We therefore find that the complaint sufficiently alleges attempted sexual abuse at this stage in the proceedings.
B. The Mouth Is an Intimate Part of the Body, and an Attempt to Kiss Complainant Therefore Constitutes Sexual Contact
Defendant argues that kissing does not amount to sexual contact because the mouth is not an intimate part of the body. He further argues the complaint fails to allege that defendant attempted to kiss informant anywhere but on the face.
Any contention that, after allegedly (a) blocking the door, (b) telling the complainant she could not leave, and (c) asking her to kiss him and being denied, the defendant brought his face close to complainant’s only in order to bestow an innocent kiss on her forehead is a factual issue to be resolved at trial. (People v Jennings, supra.) The most likely interpretation of those allegations, however, is that defendant was seeking to kiss complainant’s lips. (See People v Gonzalez, 184 Misc 2d 262, 264 [App Term, 1st Dept 2000], Iv denied 95 NY2d 835 [2000] [in determining facial sufficiency, a court need not ignore common sense or the significance of the alleged conduct].) At this stage, given the context of the allegations, we therefore need not consider whether a kiss on another part of a minor’s face, such as the cheek, could be deemed to establish a violation of Penal Law §§ 110.00, 130.55 and §§ 110.00, 130.60 (2). (People v Ron-don, 152 Misc 2d 1018, 1020 [Crim Ct, Queens County 1992] [in determining whether conduct was sexual, the act “must be viewed within the context in which the contact takes place”].)
*463 Second, as we have previously ruled, “Kissing, whether or not the tongue is inserted, constitutes sexual contact.” (People v Valentin, 17 Misc 3d 1132[A], 2007 NY Slip Op 52236[U], *2 [Gerstein, J.]; see also People v Rondon, supra [finding that a kiss on the mouth without the insertion of a tongue is sexual contact so as to constitute sexual abuse in the second degree]; People v M.T., 2 Misc 3d 980, 984 [Crim Ct, NY County 2004] [finding that the defendant’s acts of kissing and sending explicit notes to his 14-year-old piano student “were not equivocal or open to innocent interpretation” under Penal Law § 260.10]; People v Rivera, 138 Misc 2d 570 [Sup Ct, Bronx County 1988] [victim’s mouth was an intimate part of her body and kissing her against her will arose to sexual contact].)
“Sexual contact” is broadly defined under the Penal Law, extending to “any touching of the sexual or other intimate parts of a person . . . for the purpose of gratifying sexual desire.” (Penal Law § 130.00 [3].) It is well settled that the mouth is an intimate part of the body, particularly when used in kissing. (People v Rivera, supra [finding, in a case where defendant inserted his tongue into the victim’s mouth, that the mouth is a sexual part of the body, and kissing, sexual contact]; People v Correa, 2002 NY Slip Op 50495[U]; People v Sumpter, supra [had defendant been able to kiss the complainant in her mouth, that conduct alone would have constituted sexual contact]; Matter of David V, 226 AD2d 319 [1st Dept 1996] [kissing using tongue was legally sufficient to establish sexual contact]; Matter of Michael J., 267 AD2d 126 [1st Dept 1999] [forcible kissing of the complaining witness in the mouth constituted sexual abuse]; People v M.T., supra.)
Defendant relies on People v Kittles (102 Misc 2d 224 [1979]), which we have previously declined to follow. (People v Valentin, supra.) The court in Kittles found that kissing was not sexual contact under Penal Law § 130.00 because “the mouth is not kept concealed and is generally not touched or fondled with the hands for the purpose of sexual gratification.” As the Second Department has since held in People v Johnson (102 AD2d 895 [2d Dept 1984]), “sexual contact does not require touching with hands.” (See also People v Rivera, supra [declining to follow Kittles and finding that the mouth is a sexual part of the body, often used in a sexual context]; People v Marinconz, 178 Misc 2d 30 [Sup Ct, Bronx County 1998] [sexual contact includes kissing under Sex Offender Registration Act guidelines].)
People v Rondon (supra), on which defendant also relies, is directly at odds with his argument, and holds that “a kiss on *464 the mouth without the insertion of a tongue can be considered a touching of an intimate part, constituting the essential element of sexual abuse.” (People v Rondon, 152 Misc 2d at 1020.) Pursuant to People v Rondon (supra) and the case law cited above, we find that defendant’s attempt to kiss complainant rose to an attempt to obtain sexual contact under Penal Law §§ 130.55 and 130.60 (2). Defendant’s motion to dismiss these charges on the grounds that kissing is not sexual conduct is therefore denied.
Reservation of Rights
Defendant’s motion to reserve his right to make further motions is granted to the extent allowed for by CPL 255.20 (3).
Conclusion
Accordingly, defendant’s motion to dismiss the counts of Penal Law §§ 110.00, 130.55 and 130.60 (2) for facial insufficiency is denied; defendant’s motion to reserve his right to make further motions is granted to the extent permitted by CPL 255.20 (3).

 The name and date of birth of the complaining witness were redacted to protect her identity. {See Civil Rights Law § 50-b [1].)