KEARSE, Circuit Judge,
dissenting:
The pertinent section of the Immigration and Nationality Act (“INA”) provides that “[a]ny alien who at any time after admission is convicted under any law of .... using ... a firearm... (as defined in section 921(a) of title 18) in violation of any law is deportable.” 8 U.S.C. § 1227(a)(2)(C); see 18 U.S.C. § 921(a)(3) (“firearm” includes any weapon, other than an antique, that is “designed to ... expel a projectile by the action of an explosive”). Under federal law, using a firearm includes displaying the firearm in relation to a predicate offense. See, e.g., Bailey v. United States, 516 U.S. 137, 148, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995) (construing 18 U.S.C. § 924(c)). Under New York Law, a person is guilty of “menacing” if he or she “intentionally places or attempts to place another person in reasonable fear of physical injury, serious physical injury or death by displaying a deadly weapon, dangerous instrument or what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm.” N.Y. Penal Law § 120.14(1) (emphasis added); see id. § 10.00(12) (“deadly weapon” includes “any loaded weapon from which a shot, readily capable of producing death or other serious physical injury, may be discharged”). Lanferman, upon his plea of guilty, was convicted of menacing, in violation § 120.14, after he admitted that he “did pull out a revolver and point the revolver at the complainant, ... and menace her with that weapon .... [f]or the purpose of putting her in fear of physical injury.” (People v. Lanferman, No. 96X045443, Crim. Ct., Bronx County, N.Y., Plea Transcript, Aug. 8, 1996 (“Plea Tr.”), at 3-4 (emphasis added).) Accordingly, I would deny the petition for review of the decision that Lanferman is removable as a result of his conviction of using a firearm in violation of New York law.
I have several difficulties with the majority’s decision to remand to the Board of Immigration Appeals (“BIA”) for a determination as to whether § 120.14 is “divisible” — i.e., whether it “ ‘encompasses multiple categories of offense conduct, some, but not all, of which would categorically constitute’ ” a removable offense, Blake v. Gonzales, 481 F.3d 152, 158 (2d Cir.2007) (quoting Vargas-Sarmiento v. U.S. Department of Justice, 448 F.3d 159, 167 (2d Cir.2006)). First, the determination as to whether a given section of a penal code is divisible entails the interpretation of a law that the BIA does not administer. As the majority notes, “[w]e owe no deference ... to the Board in its interpretation of criminal statutes that it does not administer,” Majority Opinion ante at 88 (internal quotation marks omitted). Further, given that our cases have repeatedly discussed “three approaches that our Circuit might adopt ” in determining divisibility, id. at 90 (emphasis mine), i.e., the three instances in which “we might permit divisibility,” id. (emphasis mine), our remand for the BIA to decide whether § 120.14 is divisible is merely an invitation for the BIA to guess which approach our Court will adopt. And, of course, regardless of which approach the BIA concludes we will adopt, we will owe that conclusion no deference.
Second, and more importantly, it escapes my understanding as to why the majority believes that § 120.14, which is divided into three numbered subsections, even presents a question of divisibility. It is of course true that subsection (1) of § 120.14 encompasses more than menacing with a firearm, as it prohibits menacing *94 with other types of weapons as well. But, as the majority properly recognizes, “subsection (1) ... is itself divisible,” Majority Opinion ante at 91.
The majority states that Lanferman “did not specify the subsection [of § 120.14] to which he was pleading.” Majority Opinion ante at 90. But it is clear that the state court questioned Lanferman about conduct that fit expressly within subsection (1), and asked no questions about conduct prohibited by the other subsections of § 120.14. (See Plea Tr. 1-7.) Thus, the state court asked, and Lanferman specified, that he “did commit the offense of menacing .... [i]n that [he] did pull out a revolver and point the revolver at the complainant, Ms. Lanferman, and menace her with that weapon .... [f]or the purpose of putting her in fear of physical injury.” (Id. at 3-4.) These admitted facts fit only subsection (1) of § 120.14, no other subsection.
The Supreme Court has provided guidance as to the way in which we should determine whether a prior conviction was one that has consequences in a subsequent legal proceeding; most often the issue has been whether a sentence should be enhanced because of a prior conviction for a crime of violence. See, e.g., Chambers v. United States, — U.S. -, 129 S.Ct. 687, 172 L.Ed.2d 484 (2009); James v. United States, 550 U.S. 192, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007); Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005); Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). In its most recent opinion, in a deportation case, the Court reiterated that
sometimes a separately numbered subsection of a criminal statute will refer to several different crimes, each described separately. And it can happen that some of these crimes involve violence while others do.... In such an instance, we have said, a court must determine whether an offender’s prior conviction was for the violent, rather than the nonviolent ... , by examining “the indictment or information and jury instructions,” Taylor, [495 U.S.] at 602, ... or, if a guilty plea is at issue, by examining the plea agreement, plea colloquy or “some comparable judicial record” of the factual basis for the plea. Shepard v. United States, 544 U.S. 13, 26... (2005).
Nijhawan v. Holder, — U.S. -, 129 S.Ct. 2294, 2299, 174 L.Ed.2d 22 (2009) (emphases added). This process is equally applicable to the determination of whether a prior conviction involved using a firearm. I thus see no reason for concluding that the immigration judge was not allowed to find Lanferman removable on the basis of the transcript of his plea allocution admission that he threatened the complainant with a revolver.
Finally, I do not agree with the majority’s view, see ante at 86, that “we are bound by James v. Mukasey, 522 F.3d 250 (2d Cir.2008),” to remand to the BIA for a determination of whether § 120.14 of the New York Penal Law is divisible. James v. Mukasey — which found it “prudent” to remand to the BIA, 522 F.3d at 259— involved a conviction for Endangering the Welfare of a Child in violation of New York Penal Law § 260.10(1), which prohibits “knowingly act[ing] in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old,” a prohibition that encompasses many kinds of conduct. James was convicted of violating § 260.10(1) after he admitted having had “sexual contact with a minor,” James v. Mukasey, 522 F.3d at 258 (internal quotation marks omitted). The question was whether that conviction *95 was one for “sexual abuse” within the meaning of 8 U.S.C. § 1101(a)(43)(A). We noted that “the federal statute from which the BIA has drawn guidance” as to the meaning of the term sexual abuse in § 1101(a)(43)(A) is narrower than the definition of sexual abuse or sexual contact under New York law, under which a “kiss on the mouth constitutes ‘sexual contact.’ ” James v. Mukasey, 522 F.3d at 258 (quoting People v. Rondon, 152 Misc.2d 1018, 579 N.Y.S.2d 319, 320-21 (N.Y.Crim.Ct.1992) (“a kiss on the mouth without the insertion of a tongue can be considered ... sexual abuse”)). Given the differing federal and state definitions of sexual abuse, as well as the open question as to the divisibility of § 260.10, the James v. Mukasey panel found it “prudent” to remand to the BIA to allow it, in the first instance, to consider “whether ... James’s conviction for Endangering the Welfare of a Child under New York law constitutes the aggravated felony of sexual abuse of a minor under the INA.” 522 F.3d at 259.
I see no similar definitional problems in interpreting the term “firearm” or in understanding that a “revolver” constitutes a firearm. And given Lanferman’s explicit plea-allocution admission that he “did pull out a revolver and point the revolver at the complainant” (Plea Tr. at 3-4), I cannot agree with the majority that his “conviction of a firearm-related offense” was “not established ... by clear and convincing evidence,” Majority Opinion ante at 86.
Accordingly, I dissent.