■ In the Matter of JANI FAITH B. and Another, Children Alleged to be Abused. CRAIG S., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [961 NYS2d 135]—

Order of fact-finding and disposition, Family Court, New York County (Clark V. Richardson, J.), entered on or about December 22, 2011, which, to the extent appealed from, found that appellant father had sexually abused a child for whom he was legally responsible, and derivatively abused his biological son, unanimously affirmed, without costs. Appeal from order of protection, same court and Judge, entered on or about December 22, 2011, which directed appellant to stay away from and not communicate with the children, except for agency-supervised visits, until February 2, 2013, unanimously dismissed, without costs, as moot.

A preponderance of the evidence supports the court's determination that appellant sexually abused his stepdaughter (*see Matter of Shirley C.-M.*, 59 AD3d 360, 360 [1st Dept 2009]). The child's testimony was competent evidence that appellant sexually abused her, and the fact that she did not have a physical injury or that there was no corroboration of her testimony does not require a different result (*see Matter of Jonathan F.*, 294 AD2d 121 [1st Dept 2002]; *Matter of Danielle M.*, 151 AD2d 240, 242-243 [1st Dept 1989]). Contrary to appellant's contention, kissing his stepdaughter, while using his tongue, was legally sufficient evidence to establish "sexual contact" within the meaning of Penal Law § 130.00 (*see Matter of David V.*, 226 AD2d 319 [1st Dept 1996]; *People v Sumpter*, 190 Misc 2d 115, 117 [App Term, 1st Dept 2001], *lv denied* 97 NY2d 762 [2002]). Once the agency established its prima facie case through the child's testimony, the burden shifted to appellant to explain his conduct and rebut the evidence of his culpability, which he failed to do (*see Matter of Christina G. [Vladimir G.]*, 100 AD3d 454, 454-455 [1st Dept 2012]; *Matter of Elizabeth S. [Dona M.]*, 70 AD3d 453, 453 [1st Dept 2010]).

The court properly drew a negative inference against appellant as to the issue of whether his actions were for the purpose of gratifying his sexual desire since sexual gratification may be inferred from a totality of the circumstances and appellant failed to testify and offer an innocent explanation for his actions (*see Matter of Andre N.*, 282 AD2d 273, 274 [1st Dept 2001], *lv denied* 96 NY2d 717 [2001]). The court also properly determined that appellant had smoked marijuana and was drinking prior to the incident because his stepdaughter credibly testified that she saw him doing so and he failed to rebut these allegations (*see Matter of Ivette R.*, 282 AD2d 751, 751-752 [2d Dept 2001]).

In addition, a preponderance of the evidence supports the conclusion that appellant derivatively abused his son, because his stepdaughter testified that the child was present in the apartment and had walked into the room while appellant was sexually abusing her (*see Matter of Brandon M. [Luis M.]*, 94 AD3d 520, 520-521 [1st Dept 2012]; *Matter of Kylani R. [Kyreem B.]*, 93 AD3d 556, 557 [1st Dept 2012]). The evidence of abuse demonstrated that appellant's parental judgment and impulse control are so defective as to create a substantial risk of harm to any child in his care.

The appeal from the order of protection is dismissed as moot since the expiration date indicated on the order has elapsed (*see Matter of Deivi R. [Marcos R.]*, 68 AD3d 498, 499 [1st Dept 2009]). However, were that not the case, the order of protection

would have to be vacated as having an expiration date, inter alia, inconsistent with the one the court stated in its ruling on the record. Concur—Andrias, J.P., Friedman, Acosta, Freedman and Clark, JJ.