■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD BLODGETT, Appellant.— Appeal from a judgment of the County Court of Broome County, rendered on April 30, 1971, convicting defendant of sexual

abuse in the first degree. (Penal Law, § 130.65.) On the evening of August 28, 1970 appellant was in his car with the alleged victim, age 9. The car was parked alongside the home of the victim. She testified appellant pulled down her pants and touched her private parts. The victim's 14-year-old brother testified he opened the car door and saw appellant had his hand inside his sister's underpants. While appellant did not take the stand, in his written statement admitted into evidence, he stated that the girl pulled down her own pants and he touched her in attempting to stop her. Appellant raises several issues on this appeal. First, he contends that the statute in question is unconstitutional in that the term, "intimate parts" used in the statute is vague and uncertain. The pertinent part of the statute provides "'Sexual contact' means any touching of the sexual or other intimate parts of a person * * * for the purpose of gratifying sexual desire of either party". (Penal Law, § 130.00, subd. 3.) Under prior law (Penal Law, §§ 483-a, 483-b), the language "sexual parts or organs" was used. The courts have construed this language to mean the organs of human reproduction. (*People* v. *Belcher*, 299 N. Y. 321.) It is apparent from a history of these statutes that the Legislature intended the phrase, "sexual contact" to be no longer restricted to the reproductive organs. (Practice Commentary by Denzer and McQuillan; McKinney's Cons. Laws of New York, Book 39, Penal Law, § 130.00, subd. 3; *People* v. *Grissino*, 36 A D 2d 1024.) From a reading of the statute and in light of its past history, it is our opinion that the language is neither vague nor uncertain. We also conclude, contrary to appellant's contention, that his guilt was established beyond a reasonable doubt and there was ample corroborative proof. We have examined the remaining issues raised by the appellant and find they lack merit. Judgment affirmed. Reynolds, J. P., Aulisi, Staley, Jr., Sweeney and Simons, JJ., concur.