OPINION OF THE COURT
Leroy B. Kellam, J.
Presented for review is the question whether the defendant may be indicted for sexual abuse in the first degree (Penal Law, § 130.65) when he forcibly compels another to play with and manipulate his navel with her fingernails. A determination of this question can only be reached by resolving the subsidiary issue of whether the navel constitutes a “sexual or intimate” part of a person so as to fall within the ambit of “sexual contact”, a necessary element of sexual abuse in the first degree. (See Penal Law, §§ 130.65, 130.00, subd 3.)
On November 16, 1983 the Queens County Grand Jury filed a three-count indictment charging defendant with the crimes of burglary in the second degree, sexual abuse in the first degree and possession of burglars tools. Defendant attacks the validity of the second count of the indictment charging sexual abuse in the first degree and seeks dismissal of said count. The main thrust of defendant’s argument is that the evidence adduced before the Grand Jury *186 was insufficient as a matter of law to sustain the crime of sexual abuse in the first degree.
An examination of the Grand Jury testimony indicates in a clear and unequivocal manner that the defendant unlawfully gained entrance into the victim’s home through a basement window. Defendant had accomplished said entry by prying the glass window frame from its base. Shortly thereafter the defendant had the occasion to confront the unsuspecting 51-year-old woman within the confines of her home. During the ensuing altercation, defendant threw the victim to the floor, pinned her arms behind her back, and proceeded to shove her head repeatedly into the floor. Defendant sought to quell the screams coming from the complainant by attempting to gag her by inserting a sleeve from a housecoat into her mouth.
Defendant proceeded to force the woman to play with and manipulate his navel with her fingernails.
Upon apprehension, defendant admitted to the arresting officer that he derived sexual satisfaction from having the victim play with his navel.
Sexual abuse in the first degree is committed when a person subjects another person to sexual contact by forcible compulsion. (Penal Law, § 130.65.) Sexual contact means any touching of the sexual or other intimate parts of a person not married to the actor for the purpose of gratifying sexual desire of either party. (Penal Law, § 130.00, subd 3.) Defendant’s principal argument is that the navel does not constitute either a “sexual” or “intimate” part of the human anatomy to enable it to fall within the purpose and intendment of the sexual abuse statute. Such an argument is fallacious and of no persuasive effect on the court. Defendant’s reliance on People v Groszman-Bagrati (202 NYS2d 572) is misplaced. This case was decided prior to the enactment of the revised Penal Law which effectively served to expand the boundaries of criminal responsibility then existing under the now defunct section 483-b of the former Penal Law. Indeed, the Practice Commentary encompassing section 130.00 of the revised Penal Law states that “[s]ubdivision three” by including the terminology “intimate parts” as well as “sexual parts” represents an expansion of the proscribed activity. (Hechtman, *187 McKinney’s Cons Laws of NY, Book 39, Penal Law, § 130.00, p 447.)
Furthermore, it must be emphasized that the common-law policy of strictly construing a penal code is no longer in effect in this State. The Legislature expressly abolished that rule and ordained instead that the provisions of the Penal Law be interpreted “according to the fair import of their terms to promote justice and effect the objects of the law.” (Penal Law, § 5.00; People v Teicher, 52 NY2d 638; People v Kruger, 87 AD2d 473.) Although the advent of this rule obviously does not justify the imposition of criminal sanctions for conduct that falls beyond the scope of the Penal Law, it does authorize and thus clearly enables a court to dispense with hypertechnical or strained interpretations of the statute (People v Ditta, 52 NY2d 657.) The highest court of this State has recently undertaken an analysis of the statutory construction of the sexual abuse in the first degree statute and has adapted a liberal and nonconfining interpretation.
The court in People v Ditta {supra, p 660) found that: “Sexual abuse in the first degree is committed when a person ‘subjects another person to sexual contact * * * [b]y forcible compulsion’ (Penal Law, § 130.65). Sexual contact is defined as ‘any touching of the sexual or other intimate parts of a person not married to the actor’ (Penal Law, § 130.00, subd 3). In essence, defendant would have * * * the individual charged be the one who touches the other person. The invitation to adopt this grudging interpretation of the statute must be declined. Criminal liability is imposed under section 130.65, not under section 130.00, the definitional section.” Such an interpretation underscores the court’s intention to expand and not limit the scope of the sexual abuse statute.
Viewing the totality of the circumstances presently under consideration in the instant case, the court finds that the gross intrusion into the victim’s home coupled with the outrageous physical attack levied upon the woman wherein she was forcibly compelled to play with and manipulate defendant’s navel constitutes sexual abuse in the first degree.
*188 The word ‘navel” is defined as a “depression in the middle of the abdomen that marks the point of former attachment of the umbilical cord or yolk stalk.” (Webster’s Third New International Dictionary, 1965.) As defendant aptly concedes, the navel serves as the lifeline between a mother and her unborn child. The fact that the navel may at times be left unconcealed does not negate the intimacy attendant with this private part of the anatomy. It would be preposterous to suggest that one engaging in topless or bottomless sunbathing during a particular warm summer afternoon has either expressly or implicitly acknowledged that those “private” parts, which they have momentarily exposed, shall no longer be afforded protective status under the sexual abuse statute. Nor can it be said that mere exposure of these intimate or sexual parts under certain limited and controlled conditions afford others an unbridled license to invade the sanctity of these private parts for their own sexual gratification. Adoption of defendant’s position that the unconcealment of a sexual or intimate part of one’s body excludes its inclusion within the parameter of section 130.65 of the Penal Law defies logic and common sense.
It cannot be disputed that the victim in the case at bar, while in the sanctity of her home, certainly did nothing to either provoke or solicit the defendant’s savage attack which forcibly compelled her to submit to his desires to have her play with his navel. Nor can this court ignore the defendant’s own admission that he derived sexual gratification from the commission of said acts.
Furthermore, the fact that it was the victim who was compelled to touch the intimate parts of the defendant, and not the defendant who perpetrated the touching of the victim is of no legal import and does not preclude defendant’s prosecution for sexual abuse. (See People v Ditta, supra; People v Crandall, 53 AD2d 956.)
There can be no doubt that the victim’s touching of the defendant’s navel under the particular circumstances set forth in this case constitutes a violation of section 130.65 of the Penal Law. The defendant would lead this court to believe that his behavior was not proscribed by the sexual abuse statute. However, in determining what is fair notice *189 to a citizen, it is not necessary that the statute spell out every detail. Some aspects of the prohibited conduct may be left to the commonly accepted community sense of decency, propriety and morality. (See Matter of Adams, 24 Wn App 517.)
In conclusion, this court in interpreting the sexual abuse statute concurs with the reasoning employed by Chief Judge Cooke in his concurring opinion (joined by Wachtler, J.) in People v Viau (50 NY2d 1052). In Viau {supra, p 1053), while undertaking an interpretation of section 240.20 of the Penal Law, Chief Judge Cooke expresses his concern over “hypertechnical misreading of an unambiguous penal statute [which] effectively insulates * * * particularly egregious * * * conduct from the ambit of the statute”.
Furthermore, the fact that section 130.65 of the Penal Law does not contain a laundry list of those methods through which sexual abuse could be effectuated does not grant courts a license to ignore its plain and express intendment. (Cf. People v Viau, supra.)
Accordingly, the defendant’s motion to dismiss the indictment is denied.