OPINION OF THE COURT
Bonnie Wittner, J.
On October 14, 1984, the defendant was arrested and charged with the crime of sexual abuse in the second degree, a class A misdemeanor. He now moves to dismiss the charge against him on the ground that the information is insufficient on its face because the acts alleged do not constitute a crime. (CPL 170.30 [1] [a].) For the reasons stated below, the motion to dismiss is denied.
In the case before the court, it is alleged that the defendant repeatedly rubbed the leg of an 11-year-old girl prior and subsequent to her demands that he cease. The information reads as follows: "Deponent states that the defendant intentionally subjected a person under fourteen years of age to sexual contact in that deponent is eleven years old and defendant intentionally and repeatedly rubbed his hand on deponent’s leg without authority or permission to do so after being told not to do so.” The defendant argues that the information is insufficient on its face because the leg does not *266 constitute an "intimate part” within the meaning of Penal Law § 130.60 and its definitional section, Penal Law § 130.00 (3).[1] The People argue that the information is sufficient on its face, and alternatively, that any insufficiency can be cured by alleging in a bill of particulars a touching of the inner thigh.
In essence, the defendant is urging this court to limit the purview of the statute to the anatomically sexual parts of the body. After examining the legislative history and prior case law, this court holds that under the circumstances alleged herein, the leg is an "intimate” part of the body and the information is sufficient on its face. Therefore, the court need not reach the issue of curing the information.
The legislative history reveals that the harassment provision of the Penal Law fails to address the physically intrusive behavior alleged in the information. According to the Temporary State Commission on Revision of the Penal Law and Criminal Code, the harassment statute addresses such behavior as "following a person about in public places [and] making annoying telephone calls”.[2] In 1964, the Commission described the sexual abuse statutes as an effort to fill in the gap caused by revision of the Penal Law: "under the revision, 'assault’ requires that actual physical injury be inflicted and, since the acts contemplated by these two sections — 'sexual contact’— seldom result in physical injury, a hiatus would exist.”[3] The Legislature responded by encompassing certain types of physically intrusive behavior within the sexual abuse provisions.
A commonsense interpretation of the language of the statute indicates that "intimate” is not a rephrasing of "sexual”. The statute reads in part: "sexual or other intimate parts”. By including the word "other”, the Legislature indicates that "sexual” is a subset of a broader category of "intimate parts”.
The Court of Appeals has upheld a broad reading of the *267 sexual abuse provisions. In People v Ditta (52 NY2d 657, 660), the court emphasized the breadth of the "substantive sexual abuse provision” and stated that courts are authorized "to dispense with hypertechnical or strained interpretations of the statute”, punishing "conduct that falls within the plain, natural meaning of the language”.[4] The court pointed out that the definitional section, Penal Law § 130.00 (3), primarily serves to exclude from the ambit of the statute those persons married to each other. The court emphasized. that the substantive provision, Penal Law § 130.65,[5] is of a broad nature and should not be unduly limited by narrow readings of the definitional section. Thus, the definitional section must be read so as to further the broad nature of the substantive statute.
Several cases have upheld the constitutionality of "sexual contact” as set forth in the definitional section. In so doing, the cases reveal a common underlying standard for determining whether the facts alleged in the information constitute a crime, i.e., whether the part of the person touched was, in fact, "intimate”. In determining what is "intimate”, the courts have looked beyond the mere anatomical location of the part to consider in what way the acts were proscribed by general social mores.
For example, in People v Darryl M. (123 Misc 2d 723, 735 [Crim Ct, NY County 1984]), the court examined the sufficiency of an information[6] alleging that the defendant had rubbed his covered, erect penis against the buttocks of women on a subway station. The court stated: "Any reasonable person in our society would consider the acts here charged to be proscribed. Any reasonable person has notice upon reading subdivision 3 of section 130.00 of the Penal Law that the buttocks is an intimate part of the body within the meaning of that section.” Accordingly, the court upheld the constitutionality of the statute because any reasonable person in our society would recognize that general social mores guide each person’s physical contact with others.
Similarly, in People v Belfrom (124 Misc 2d 185, 189 [Sup Ct, Crim Term, Queens County 1984]), the court held that the navel is an intimate part of a person for the purposes of *268 sexual abuse in the first degree. In determining that the defendant had fair notice that his behavior was proscribed by the sexual abuse statute, the court stated that "it is not necessary that the statute spell out every detail. Some aspects of the prohibited conduct may be left to the * * * community sense of decency, propriety and morality.”
It is apparent that a defendant has knowledge that a part of a person is "intimate” when social mores proscribe a certain type of conduct towards that person. In Matter of David M. (93 Misc 2d 545, 548-549 [Fam Ct, Bronx County 1978]), the court found that "sexual contact” occurred when the defendant allegedly thrust his penis into the victim’s buttocks while both persons were fully clothed. The court asserted: "The abuse of [the victim’s] body and privacy with the intention to obtain sexual gratification is sufficient to constitute sexual abuse. It clearly was the intention of the Legislature to insulate a person from this type of attack. There is no requirement that erogenous zones of the victim be touched or manipulated”. In focusing upon the attack rather than the anatomy, the Bronx court implied that intimacy is a function of behavior and not merely anatomy.
In People v Victor P. (120 Misc 2d 770, 772-773 [Crim Ct, NY County 1983]), the court held that "sexual contact” as set forth in the definitional section was not unconstitutionally vague despite the lack of an explicit standard as to what constitutes a "sexual or other intimate part”. The court stated that to determine the meaning of intimacy, "one must consider our general societal mores”. The court offered an example: "If a man approaches a woman on the beach and touches her uncovered shoulder, would he be touching an intimate part of her body?” This example reveals that consideration of social mores requires examination of the context in which touching occurs.
This court holds that to determine if a part is "intimate”, one must examine three factors. First, what area of the body is touched; next, what is the manner of the touching; finally, under what circumstances did the touching take place.
Applying this test to the case before the court, this court finds that the acts alleged in the information are sufficient to establish the crime charged. The anatomical area touched was the leg, which may or may not have been sexually proximate. The manner of the touching is alleged to be a continuous rubbing motion performed by the defendant’s hand. The cir *269 cumstances of the touching include the girl’s request that the defendant stop touching her and the defendant’s alleged persistence in rubbing her leg.
While the information does not explicitly state that the leg is an intimate part of the body, there is no reason that this court may not infer the intimacy of the part from the facts presented in the information. In People v Victor P. (supra, p 774) the court stated: "While the People may be hard pressed at trial to meet their evidentiary burden with respect to the intent element of sexual contact ('for the purpose of gratifying sexual desire of either party’ [Penal Law, § 130.00, subd 3]), when the allegations themselves are being tested, this element may be inferred from the factual portion of the information. (See People v Weems, NYLJ, Dec. 1, 1980, p 7, col 1 [App Term, 1st Dept].)” Similarly, whether the leg is an "intimate” part of a person may be gleaned from the factual portion of the information. This court infers the intimacy of the leg from the particular facts alleged in the information. Accordingly, this court need not reach the issue as to whether the People can amend the information to allege "inner thigh” in order to satisfy requirements of an information.
Accordingly, the motion to dismiss is denied.

. Penal Law § 130.60 reads as follows:
"A person is guilty of sexual abuse in the second degree when he subjects another person to sexual contact and when such other person is * * *
"2. Less than fourteen years old.”
Penal Law § 130.00 (3) reads as follows: " 'Sexual contact’ means any touching of the sexual or other intimate parts of a person not married to the actor for the purpose of gratifying sexual desire of either party.”

. Temporary State Commission on Revision of the Penal Law and Criminal Code, Third Interim Report to the Legislature, Feb. 1, 1964, 1964 McKinney’s Session Laws of NY, at 2024.

. Temporary State Commission on Revision of the Penal Law and Criminal Code, Proposed New York Penal Law (Senate Intro 3918, Assembly Intro 5376 [1964]), at 344.

. The court cited as authority Penal Law § 5.00.

. Penal Law § 130.65 is sexual abuse in the first degree, sharing with sexual abuse in the second degree the same definitional section, Penal Law § 130.00 (3).

. The information charged sexual abuse in the third degree, Penal Law § 130.55, which also refers to the definitional section, Penal Law § 130.00 (3).