■ In the Matter of IRA SUMKIN, Respondent, v TOWN OF BABYLON, Appellant. [656 NYS2d 364] —In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Town of Babylon dated June 23, 1995, which assessed $10,147.02 to the petitioner's real property taxes for cleanup costs of the property pursuant to Local Laws, 1991, No. 2 of Town of Babylon and an action for a judgment declaring that local law to be unconstitutional, the Town of Babylon appeals from a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), dated December 26, 1995, which granted the petition, directed the Town of Babylon to rescind the cleanup fee, and declared the law unconstitutional.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, the proceeding pursuant to CPLR article 78 is dismissed, and Local Laws, 1991, No. 2 of Town of Babylon is declared constitutional.

Pursuant to Local Laws, 1991, No. 2 of Town of Babylon, the Town of Babylon (hereinafter the Town) notified the petitioner that he must remove all debris from his property within 30 days, and if the petitioner failed to comply, the Town would be authorized to remove the debris and to charge the expenses incurred thereby as an assessment upon the property. Because the petitioner failed to comply with the notice, the Town removed the debris and assessed the cleanup costs to the petitioner's real property taxes. Contrary to the Supreme Court's determination, the Town's failure to conduct a hearing did not deprive the petitioner of due process (*see, Matter of 4M Holding Co. v Town Bd.,* 185 AD2d 317, *affd* 81 NY2d 1053; *Matter of Plaza Realty Investors v New York City Conciliation & Appeals Bd.,* 110 AD2d 704; *Matter of RHS Realty Co. v Conciliation & Appeals Bd.,* 101 AD2d 756; *cf., Matter of Colton v Berman,* 21 NY2d 322, 329). Sullivan, J. P., Joy, Friedmann and Florio, JJ., concur.