People v Lee (2024 NY Slip Op 50963(U))

[*1]

People v Lee

2024 NY Slip Op 50963(U)

Decided on July 24, 2024

Supreme Court, New York County

Drysdale, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 24, 2024
Supreme Court, New York County

The People of the State of New York,

against
Jonathan Lee, Defendant.

Ind. No. IND-74366-23

For the People:
Assistant District Attorney Tyler Bramlet, Of Counsel
New York County District Attorney's Office 
For the Defendant: Jeremy Schneider, Esq. 
Rothman, Schneider, Soloway & Stern, LLP

Althea E.M. Drysdale, J.

The motion to inspect the Grand Jury minutes is granted. Upon inspection of the Grand Jury minutes the motion to dismiss the indictment or reduce the crimes charged therein is denied. The evidence presented to the Grand Jury established a prima facie case of the defendant's commission of the crimes charged in the indictment.
More specifically, the defendant moves to dismiss count one of the indictment, Sexual Abuse in the First Degree, PL §130.65(3), arguing that contact between the defendant's right hand and the six-year-old complainant's left thigh does not constitute sexual contact with an "intimate part" of the body for the purposes intended by the statute.
As a threshold matter, the common-law policy of strictly construing a statute is no longer applicable in New York State, instead, Courts are urged to interpret statutes "according to the fair import of their terms to promote justice and effect the objects of the law." People v. Ditta, 52 NY2d 657, 660 (NY Ct. App. 1981) quoting PL §5.00. Therefore, Courts may dispense with "hypertechnical or strained interpretations of the statute" and "conduct that falls within the plain, natural meaning of the language of a Penal Law provision may be punished as criminal." Id.
A defendant is guilty of Sexual Abuse in the First Degree when, "he or she subjects another person to sexual contact [ . . . ] [w]hen the other person is less than eleven years old." PL § 130.65(3). "Sexual contact" is defined as "any touching of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire of either party. It includes the touching of the actor by the victim, as well as the touching of the victim by the actor, whether directly or through clothing, as well as the emission of ejaculate by the actor upon any part of the victim, clothed or unclothed." PL § 130.00(3).
When determining whether a complainant has been subjected to sexual contact of an [*2]"intimate part," the Court may take into consideration "the manner and circumstances of the touching." People v. Sene, 66 AD3d 427, 427-28 (1st Dept. 2009), see also People v Graydon, 129 Misc 2d 265, 268 (Crim. Ct. NY County, 1985) (Employing a three-part analysis when determining whether a part of the body is considered intimate: (1) what area of the body is touched, (2) the manner of the touching, and (3) the circumstances under which the touching took place).
"The abuse of one's body and privacy with the intention to obtain sexual gratification on the part of the abuser is sufficient to constitute sexual abuse. [ . . . ] There is no requirement that erogenous zones of the victim be touched or manipulated by the aggressor." Matter of David M., 93 Misc 2d 545, 548—49 (Bronx Fam. Ct. 1978). Courts have routinely found that zones of the body generally considered non-erogenous in nature constitute "intimate parts" given the circumstances surrounding their contact. For example, necks,[FN1]
navels,[FN2]
 ankles,[FN3]
 legs,[FN4]
thighs,[FN5]
 feet,[FN6]
 and stomachs, [FN7]
have all been deemed to be "intimate parts" of the body given the manner [*3]and circumstances surrounding the contact.
In this case, the defendant is charged with allegedly sexually abusing the complaining witness when he was six-years-old through a series of sexual encounters that occurred over a period of time. The defendant's motion to dismiss relates solely to one instance of alleged Sexual Abuse in the First Degree pursuant to PL §130.65(3), for that reason, the Court will limit the summary of allegations to focus on that particular charge.
Based upon the evidence presented to the Grand Jury, the complainant and his family lived in the defendant's apartment for a period of approximately six months when the complainant was six-years-old. The complainant alleges that in August of 2016, the defendant took the complaining witness to the movie theatre alone to see the movie Finding Dory. While in the movie theatre, the complainant alleges that the defendant used his right hand to touch the complainant's left thigh and his shoulder while telling the complainant several times that he was beautiful, despite the child moving away from the defendant.
In determining whether the child's thigh constitutes an "intimate part" of the body, this Court will follow the rubrics employed in Dunkley, Sene, and Grayson, supra, and take into consideration (1) what area of the body is touched, (2) the manner of the touching, and (3) the circumstances under which the touching took place.
First, the defendant touched the thigh of a six-year-old child, despite the child attempting to move away from the defendant to avoid his touch. This touching occurred while inside of a dark movie theatre, during an outing prompted by the defendant wherein the complainant's parents were not present. The defendant further made comments as to the child's beauty while touching the child's thigh. This Court will also consider the young age of the complainant compared the age of this adult defendant, and the fact that the complainant and the defendant were not family members. Considering the totality of the circumstances, the complainant's thigh clearly constitutes an "intimate part" of his body. For these reasons, the Defendant's motion to dismiss count one is denied. 
The motion to dismiss the indictment on the grounds that the Grand Jury proceeding was defective within the meaning of Criminal Procedure Law ("CPL") §210.35 is denied. The defendant has not provided the Court with any evidence of a defect in the Grand Jury proceedings nor do the Grand Jury minutes reflect any such defect. The application for the release of the Grand Jury minutes is denied.
This constitutes the Decision and Order of the Court.
Dated: July 24, 2024
New York, New York
Althea E.M. Drysdale, A.J.S.C.

Footnotes

Footnote 1:People v. Sene, 66 AD3d 427 (1st Dept. 2009) ("We conclude that, under general societal norms, the neck qualifies as an intimate part because it is sufficiently personal or private that it would not be touched in the absence of a close relationship between the parties.")

Footnote 2:People v. Belfrom, 124 Misc 2d 185, 189 (Sup. Ct., Crim. Term, Queens Co., 1984) (Finding that the defendant's navel constituted an "intimate part" when the defendant forcibly gained access to the complainant's home through a basement window and forcefully compelled the complainant to manipulate the defendant's navel with her fingers.)

Footnote 3:People v. Omar Flores, Dkt. No. CR-019486-19NY (Sup. Ct. NY Co., September 5, 2019) (Swern, J.) (Finding that the complainant's lower leg and ankle constituted "intimate parts" when the defendant approached the complainant while she was asleep on the subway and proceeded to rub her lower leg and ankle while masturbating.)

Footnote 4:People v. Graydon, 129 Misc 2d 265 (Crim. Ct. NY Co. 1985) (Finding that a leg constituted an "intimate part" when the defendant intentionally and repeatedly rubbed his hand on an eleven-year-old child's leg after being instructed not to do so.); see also People v. Gray, 201 AD2d 961, 962 (4th Dept. 1994) (Finding that defendant moving his hand beneath the complainant's underwear, towards her pelvic area and eventually touching her upper leg constituted "intimate contact.") 

Footnote 5:People v. Barnes, 49 Misc 3d 131(A) (2nd Dept. 2015) (Finding that a thigh constituted an intimate part of the body when the defendant, an adult male, caressed the inner thigh of a sixteen-year-old girl and subsequently masturbated in front of her.)

Footnote 6:People v. Dunkley, 79 Misc 3d 703 (Crim. Ct. NY Co. 2023) (Drysdale, J.) (Finding that the feet of two children were considered "intimate parts" of their bodies based on the circumstances under which the defendant, an adult stranger, touched them.)

Footnote 7:People v. Carlos Ramos, IND-75265-2022 (Sup. Ct. Crim. Term, NY Co., February 28, 2023) (Drysdale, J.) (Finding that a stomach constituted an "intimate part" when the defendant pinned the complainant against a building and reached his hands underneath the complainant's shirt in the direction of her breasts, stopping only when the complainant managed to escape the defendant's grasp.)