Matter of Harbourview Realty, LLC v Village of Roslyn (2025 NY Slip Op 05239)

Matter of Harbourview Realty, LLC v Village of Roslyn

2025 NY Slip Op 05239

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2024-05264
2024-08715
 (Index No. 616704/23)

[*1]In the Matter of Harbourview Realty, LLC, appellant,
v
Village of Roslyn, et al., respondents.

Rivkin Radler LLP, Uniondale, NY (E. Christopher Murray and Merril S. Biscone of counsel), for appellant.
Spellman Gibbons Polizzi Truncale & Trentacoste, LLP, Garden City, NY (John P. Gibbons, Jr., and Peter S. Trentacoste of counsel), for respondents.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action, inter alia, to recover damages for conversion, the petitioner/plaintiff appeals from (1) a judgment of the Supreme Court, Nassau County (R. Bruce Cozzens, J.), entered February 29, 2024, and (2) an order of the same court entered May 31, 2024. The judgment denied the petition and, in effect, dismissed the proceeding/action. The order denied the petitioner/plaintiff's motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the respondents/defendants' counterclaims.
ORDERED that the judgment and the order are affirmed, with one bill of costs.
The petitioner/plaintiff (hereinafter the petitioner) is the owner of a commercial shopping center located in the respondent/defendant Village of Roslyn. The Village, located on the Hempstead Harbor, owns and operates a municipal separate storm sewer system (hereinafter MS4). The Village's MS4 is under the jurisdiction of the United States Environmental Protection Agency (hereinafter the EPA), among others. In November 2022, the EPA required the Village to "implement and enforce a program to detect and eliminate illicit discharges" into the Village's MS4. The Village thereafter retained an engineer to implement an illicit discharge detection and elimination program (hereinafter the IDDE). The IDDE identified four possible sources of dry weather "illicit discharge," defined by Code of Incorporated Village of Roslyn (hereinafter Village Code) § 397-2 as "[a]ny discharge through an unauthorized connection and any direct or indirect nonstormwater discharge to the MS4." The IDDE determined that all four possible sources originated from the petitioner's shopping center.
From March to August 2023, the Village and the respondent/defendant Annmarie Stutzmann, the Village Clerk/Treasurer (hereinafter together the respondents), notified the petitioner that it was making illicit discharges into the MS4 and, in turn, into Hempstead Harbor, and advised the petitioner to cease the illicit discharges and perform corrective action. During that time, the petitioner allegedly remained noncompliant and continued making illicit discharges into the MS4. The Village issued multiple summonses to the petitioner for illegally discharging contaminated water into the MS4. The petitioner pleaded guilty to three of the summonses and paid a fine, and the [*2]remaining summonses were dismissed in satisfaction of the plea agreement.
In addition, the Village allegedly retained an environmental clean-up company to contain the pollutants allegedly being discharged by the petitioner into the MS4 and, in turn, into Hempstead Harbor. In a letter dated June 16, 2023, the respondents notified the petitioner that it was required to reimburse the Village for the clean-up costs associated with its illicit discharges in the amount of $49,373.62 and that any amounts not paid by the petitioner would be added to the tax roll as an assessment against the land.
On or about September 1, 2023, the Village notified the petitioner that its property taxes were overdue in the amount of $48,430.52, which the petitioner paid. Thereafter, the petitioner allegedly realized that it had already paid its property taxes for the year in the amount of $32,462.59 and requested a refund of $48,430.52 from the Village. The Village informed the petitioner that the money was applied to the clean-up costs for pollution caused by its illicit discharges.
In October 2023, the petitioner commenced this hybrid proceeding pursuant to CPLR article 78 and action, inter alia, to recover damages for conversion against the respondents. In their answer, the respondents asserted two counterclaims to recover additional environmental clean-up costs incurred by the Village as a result of the petitioner's illicit discharges of pollutants into the MS4 and Hempstead Harbor and a third counterclaim for a permanent injunction enjoining the petitioner from discharging pollutants into the MS4. The petitioner subsequently moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the counterclaims. In a judgment entered February 29, 2024, the Supreme Court denied the petition and, in effect, dismissed the proceeding/action. In an order entered May 31, 2024, the court denied the petitioner's motion to dismiss the counterclaims. The petitioner appeals.
Contrary to the petitioner's contention, the Village's actions were not contrary to law. The Village acted within its authority pursuant to Village Code §§ 385-21, 397-21, 397-16, and 353-10. Pursuant to those provisions of the Village Code, the Village notified the petitioner that it was responsible for reimbursing the Village for the costs to clean up the pollution from its past and continuing illegal discharges and that the Village would add any unpaid amounts to the tax roll as an assessment against the land. Because the petitioner failed to comply with the notice and continued making illicit discharges, the Village assessed the clean-up costs to the petitioner's property taxes (see Matter of 4M Holding Co. v Town Bd. of Town of Islip, 81 NY2d 1053, 1055; Matter of Sumkin v Town of Babylon, 238 AD2d 430, 430). Moreover, the Village's failure to conduct a hearing did not deprive the petitioner of due process (see Matter of Sumkin v Town of Babylon, 238 AD2d at 430; Matter of Plaza Realty Invs. v New York City Conciliation & Appeals Bd., 110 AD2d 704, 704). Accordingly, the Supreme Court properly denied the petition and, in effect, dismissed the proceeding/action.
Further, the Supreme Court properly denied the petitioner's motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the counterclaims. On a motion to dismiss counterclaims pursuant to CPLR 3211(a)(7) for failure to state a cause of action, "the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the [pleader] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Stewart v Fein Such & Crain, LLP, 236 AD3d 959, 961 [internal quotation marks omitted]; see Leon v Martinez, 84 NY2d 83, 88; Twitchell Tech. Prods., LLC v Mechoshade Sys., LLC, 227 AD3d 45, 50). Where evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the criterion becomes whether the pleader has a cause of action, not whether the pleader has stated one, and unless the movant shows that a material fact as claimed by the pleader is not a fact at all and no significant dispute exists regarding the alleged fact, dismissal should not eventuate (see Guggenheimer v Ginzburg, 43 NY2d 268, 275; Twitchell Tech. Prods., LLC v Mechoshade Sys., LLC, 227 AD3d at 50).
Moreover, a motion to dismiss counterclaims pursuant to CPLR 3211(a)(1) on the ground that they are barred by documentary evidence may be granted only if the documentary [*3]evidence utterly refutes the counterclaims' factual allegations, conclusively establishing a defense to the counterclaims as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Stewart v Fein Such & Crain, LLP, 236 AD3d 959; Twitchell Tech. Prods., LLC v Mechoshade Sys., LLC, 227 AD3d at 50).
Contrary to the petitioner's contentions, it failed to establish that the doctrines of judicial estoppel or collateral estoppel barred the counterclaims. Under the doctrine of judicial estoppel, "a party may not take a position in a legal proceeding that is contrary to a position he or she took in a prior proceeding, simply because his or her interests have changed" (Joseph v Singh, 206 AD3d 982, 982-983 [internal quotation marks omitted]; see Archer v Beach Car Serv., Inc., 180 AD3d 857, 861). "The doctrine of collateral estoppel . . . precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action . . . and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Altman v Orseck, 235 AD3d 818, 819 [internal quotation marks omitted]; see Ryan v New York Tel. Co., 62 NY2d 494, 500). Here, the petitioner submitted no evidence of any position taken by the Village in the prior proceedings concerning the summonses that was inconsistent with any position taken by the respondents in this hybrid proceeding and action (see Joseph v Singh, 206 AD3d at 983; Barker v Amorini, 121 AD3d 823, 825). Moreover, the petitioner failed to establish that the issues raised by the counterclaims were clearly raised and decided in the prior proceedings regarding the summonses (see Altman v Orseck, 235 AD3d at 818; Li v Wisteria Gardens Condominium, 234 AD3d 897, 898).
The petitioner's remaining contentions are without merit.
CONNOLLY, J.P., MILLER, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court