Aguilar v Wishner (2025 NY Slip Op 07265)

Aguilar v Wishner

2025 NY Slip Op 07265

Decided on December 24, 2025

Appellate Division, Second Department

Dillon, J.P.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
JANICE A. TAYLOR
ELENA GOLDBERG VELAZQUEZ, JJ.

2023-10199
2024-00390
 (Index No. 207140/22)

[*1]Mavis Aguilar, et al., appellants,
v
Steven G. Wishner, et al., respondents, et al., defendants.

APPEALS by the plaintiffs, in an action to recover damages for personal injuries, etc., from (1) an order of the Supreme Court (Joseph Farneti, J.), dated October 20, 2023, and entered in Suffolk County, and (2) a judgment of the same court entered December 8, 2023. The order, insofar as appealed from, granted that branch of the motion of the defendant Steven G. Wishner which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against him and that branch of the cross-motion of the defendant Huntington Medical Group, P.C., which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it. The judgment, upon the order, is in favor of the defendant Steven G. Wishner and the defendant Huntington Medical Group, P.C., and against the plaintiffs, inter alia, dismissing the complaint insofar as asserted against each of those defendants.

Greenberg Kelly Della (Horn Appellate Group, Brooklyn, NY [Scott T. Horn], of counsel), for appellants.
Abrams Fensterman LLP, Lake Success, NY (David T. Verschell of counsel), for respondents.

DILLON, J.P.

OPINION & ORDER
The Adult Survivors Act (ASA) (CPLR 214-j) is a statute that permits adult survivors of sexual abuse to revive otherwise time-barred civil actions against alleged abusers arising from, among other things, conduct that would constitute a sexual offense under Penal Law article 130. The offense of forcible touching under Penal Law § 130.52(1) requires that there be a nonconsensual touching of "sexual or other intimate parts" of another person for the purpose of degradation or abuse of such person or for the purpose of gratifying the actor's sexual desire. The offense of sexual abuse in the third degree under Penal Law § 130.55 requires nonconsensual "sexual contact." This appeal provides our Court with an opportunity to address an issue of first impression in this judicial department regarding how narrow, or broad, we should construe the elemental concepts of sexual touching and sexual contact under the ASA. We hold that where, as here, the alleged nonconsensual touching or sexual contact was to a part of the body other than an anatomically sexual part, in the classic sense, these Penal Law offenses may still qualify as a predicate for an action pursuant to the ASA if the broader facts, manner, and circumstances of the touching or sexual contact involve intimacy or the alleged sexual gratification of the abuser.
I. Relevant Facts
On January 4, 2004, the plaintiff Mavis Aguilar (hereinafter Mavis) attended an [*2]appointment (hereinafter the January 4, 2004 examination) with a medical doctor, the defendant Steven G. Wishner, at the premises of the defendant Huntington Medical Group, P.C. (hereinafter HMG), in Suffolk County. Later that year, the plaintiff Edward Aguilar (hereinafter Edward), Mavis's husband, met with persons connected to HMG to express concerns about Wishner's conduct toward Mavis during the January 4, 2004 examination. Approximately 10 years later, in October 2014, Mavis testified at a deposition (hereinafter the October 2014 deposition), as a nonparty witness pursuant to a subpoena, in an action commenced against Wishner and HMG. At the October 2014 deposition, Mavis was asked a question about her understanding of why she was being deposed as a nonparty witness. She answered, "[w]hat I understand is there was several complaints similar to mine against Dr. Wishner and medical group, and somebody was smart enough to take an extra step and put a lawsuit and she needs to back it up. That's why I'm here."
At the October 2014 deposition, Mavis testified that she had seen Wishner on multiple occasions and that her last visit with him was at the January 4, 2004 examination that she had scheduled to address back pain. During the January 4, 2004 examination, Mavis was sitting on an examination table when Wishner entered the room. Mavis described to Wishner the pain she was experiencing and how it was bothering her at work. Wishner told her to put on a gown, opening to the front. Wishner answered in the affirmative when Mavis asked a question about removing "everything." Wishner stepped out of the room. Mavis removed her clothing, except for her underwear, and donned the gown.
Mavis testified that, once Wishner returned to the room minutes later, he told her to stand. Mavis stood on the "little stepstool" used for climbing onto the examination table. Wishner told her to remove the gown, which she did, and to turn around, which she did. At Wishner's instruction, Mavis bent forward over the examination table. Mavis's buttocks was facing Wishner's direction. Wishner, sitting in a chair, placed his hands around Mavis's waist and applied pressure on her lower back with his thumbs. Wishner's head was "[b]asically on [Mavis's] behind." Wishner said that he was checking to see if Mavis's pain was related to her kidneys. Mavis, who had attended some medical school in her native Guatemala, knew what a kidney examination looked like, "and that was not it," she testified. Mavis turned around and her mood changed from being upset because Wishner's pressing on her back with his thumbs hurt her to being disgusted. Mavis testified that "[i]n my perception, he just looked like as if he was enjoying something." Mavis put the gown back on. Wishner excused himself, said he would return, and left the room.
According to Mavis, Wishner eventually returned to the room. Mavis remembered him telling her that her back pain was a random pain and that he did not think it was related to her kidneys. Mavis testified that she "wasn't paying much more attention to what he had to say after that." Mavis promptly left the building. The day of the incident, Mavis told a coworker and Edward about what had happened. Edward subsequently met with persons connected to HMG. Mavis and Edward did not pursue litigation at that time. According to Mavis, "[w]e just wanted him to be spoken to so he would not do it again."
In December 2022, Mavis and Edward commenced this action against Wishner and HMG, and the defendants NYU Langone Huntington Medical Group and NYU Langone Health System, inter alia, to recover damages for personal injuries pursuant to the ASA as a result of the January 4, 2004 examination. The complaint alleged, among other things, that at the January 4, 2004 examination, Wishner made offensive, nonconsensual bodily contact with Mavis that included nonprivileged touching of a sexual nature. The complaint further alleged that Wishner preyed on female patients, including Mavis, with sexually abusive misconduct that included performing medically inappropriate and sexually abusive "examinations" of patients for no medical purpose, performing medically inappropriate and sexually abusive "examinations" so that he could leer for his own sexual gratification, engaging in inappropriate touching and/or rubbing with ungloved hands and with no medical purpose on patients' bodies during "examinations," instructing patients to be fully or partially naked, without chaperones present, during routine physical examinations, and engaging in other inappropriate sexually abusive misconduct. According to the complaint, during the January 4, 2004 examination, Wishner engaged in forcible touching under Penal Law § 130.52 by intentionally and for no legitimate purpose forcibly touching Mavis's sexual or other intimate parts for the purpose of degrading or abusing her or for the purpose of gratifying his own sexual desire. The complaint further alleged that during the January 4, 2004 examination, Wishner engaged in sexual abuse in the third degree under Penal Law § 130.55 by subjecting Mavis to sexual contact without her consent.
Wishner moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against him. In support of his motion, Wishner argued, among other things, that the complaint failed to state a cause of action under the ASA, since it contained only bare and conclusory allegations that he forcibly touched and sexually abused Mavis and failed to allege that he touched any of her sexual or other intimate parts. Wishner contended that, even if the complaint were deemed facially sufficient, the transcript of Mavis's testimony given during the October 2014 deposition, which was included among Wishner's exhibits in support of his motion, established that the plaintiffs had no cause of action against him under the ASA. According to Wishner, his conduct, as described by Mavis during the October 2014 deposition, did not constitute forcible touching or sexual abuse within the meaning of Penal Law article 130. HMG cross-moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it, advancing similar contentions in support of its cross-motion. The plaintiffs opposed the motion and the cross-motion.
In an order dated October 20, 2023, the Supreme Court, among other things, granted those branches of the motion and the cross-motion which where pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against Wishner and HMG, respectively. The court determined that Wishner's and HMG's' submissions demonstrated that the plaintiffs' allegations in the complaint failed to state a cause of action to recover damages for forcible touching or sexual abuse in the third degree so as to invoke the ASA. According to the court, the transcript of Mavis's testimony during the October 2014 deposition established that Wishner did not commit acts against Mavis during the January 4, 2004 examination that constituted forcible touching or sexual abuse in the third degree, as Mavis described Wishner touching her waist and his head as being "[b]asically" on her buttocks. The court determined that although Mavis's buttocks are an "intimate part" for the purposes of establishing forcible touching and sexual abuse in the third degree under the Penal Law article 130 statutes, Mavis's testimony failed to establish that Wishner made bodily contact involving the application of some level of pressure to her buttocks. Furthermore, as the claims against Wishner could not be revived under the ASA, HMG's submissions in support of its cross-motion demonstrated that it could not be held vicariously liable to the plaintiffs under a theory of respondeat superior or held directly liable to the plaintiffs for negligent hiring, retention, supervision, and training of Wishner. In opposition, the court concluded that the plaintiffs failed to raise a question of fact as to whether Wishner's alleged conduct during the January 4, 2004 examination constituted forcible touching or sexual abuse in the third degree.
A judgment was entered December 8, 2023, upon the order, in favor of Wishner and HMG and against the plaintiffs, inter alia, dismissing the complaint insofar as asserted against each of those defendants.
The plaintiffs appeal from the order and the judgment.
II. The Order of Dismissal
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
III. Legal Analysis
The ASA, enacted in 2022 as CPLR 214-j, is a revival statute that permitted plaintiffs to commence otherwise time-barred claims against alleged sexual abuser defendants, where the plaintiffs were 18 years of age or older at the time of the alleged abuse. The availability of the ASA was subject to certain limiting conditions. One condition was that the time window for the commencement of qualifying actions was strictly limited to a single calendar year starting from November 24, 2022 (see id.; C.L. v County of Oneida, 84 Misc 3d 301, 313 [Sup Ct, Oneida County]). No ASA claims may be timely commenced beyond the statute's defined revival period, meaning that the window is now closed. A second condition was that the plaintiff was at least 18 years old at the time of the conduct that is the subject of the action. Plaintiffs under 18 years old at the time of the alleged misconduct instead were eligible to commence actions under a sibling revival statute, the Child Victims Act (CVA) (CPLR 214-g). A third condition of CPLR 214-j was that the plaintiff's claim must have arisen from conduct constituting incest as defined in the Penal Law or one or more sexual offenses under Penal Law article 130 (see JA-501 Doe v Archdiocese of N.Y., 2025 NY Slip Op 32244[U], *2 [Sup Ct, New York County]; Johnson v NYU Langone Health, 2023 WL 6393466, *2, 2023 US Dist LEXIS 176652, *4-5 [SD NY, No. 22Civ09456 (JHR)]). In addition to allegations of incest or conduct violative of Penal Law article 130, complaints under the [*3]ASA must allege, among other things, that the incest or conduct violating Penal Law article 130 caused some form of injury (see J.S.M. v City of Albany Dept. of Gen. Servs., 83 Misc 3d 1082, 1089-1090 [Sup Ct, Albany County]; Levin v Sarah Lawrence College, 747 F Supp 3d 645, 664 [SD NY]; Johnson v NYU Langone Health, 2023 WL 6393466, *3, 2023 US Dist LEXIS 176652, *5-6).
The offenses defined in Penal Law article 130 each have their own elements and definitional terms. Two Penal Law offenses are of particular relevance to this appeal and are expressly raised in the plaintiffs' complaint. One is the offense of forcible touching as defined by Penal Law § 130.52(1). That offense is committed when a "person intentionally, and for no legitimate purpose . . . forcibly touches the sexual or other intimate parts of another person for the purpose of degrading or abusing such person, or for the purpose of gratifying the actor's sexual desire" (id.; see People v Guaman, 22 NY3d 678, 684). A forcible touch is "any bodily contact involving the application of some level of pressure to the victim's sexual or intimate parts" when done with the relevant mens rea (People v Guaman, 22 NY3d at 684). The other offense relevant to this appeal is sexual abuse in the third degree as defined by Penal Law § 130.55. That offense is committed when a person "subjects another person to sexual contact without the latter's consent," subject to an affirmative defense not at issue here (id.). "Sexual contact," as used in Penal Law § 130.55, means:
"any touching of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire of either party. It includes the touching of the actor by the victim, as well as the touching of the victim by the actor, whether directly or through clothing, as well as the emission of ejaculate by the actor upon any part of the victim, clothed or unclothed" (id. § 130.00[3]).
The term "sexual contact" has survived constitutional challenge as not being impermissibly vague or uncertain (see People v Blodgett, 37 AD2d 1035, 1036). While these two Penal Law article 130 statutes have some differences in their respective elements, they also present certain common denominators, including that there be some form of physical contact between the abuser and the victim and that the contact at issue involves sexual or intimate parts of the body.
In urging this Court to uphold dismissal pursuant to CPLR 3211(a)(7), Wishner contends that the physical contact that he initiated with Mavis was during the course of a medical examination, which included medically-sound contact with her lower back at the left and right kidneys. He further and primarily contends that the complaint did not allege any contact by Wishner with any sexual or intimate part as required for such contact to constitute a predicate offense under Penal Law article 130. Indeed, Mavis, during the October 2014 deposition, described Wishner's physical contact as involving his hands holding her waist and his thumbs applying pressure on her lower back. Neither the complaint nor Mavis's testimony during the October 2014 deposition allege contact with what might typically or classically be described as a sexual or intimate part of the body.
Likewise, HMG essentially advanced the same argument as Wishner, that no sexual or intimate part of Mavis's body was touched and, therefore, there was no Penal Law article 130 predicate to impose liability against it.
This action is postured as an appeal from an order, inter alia, directing dismissal of the complaint insofar as asserted against Wishner and HMG pursuant to CPLR 3211(a)(7) for the failure to state a cause of action, and from a judgment entered upon the order. As often stated by this and other courts involving motions pursuant to CPLR 3211(a)(7), the factual allegations of a complaint must be accepted as true, with the plaintiff accorded the benefit of every possible favorable inference in determining whether the facts that are alleged fit within any cognizable legal theory (see Farage v Associated Ins. Mgt. Corp., 43 NY3d 152, 158; Leon v Martinez, 84 NY2d 83, 87-88; Matter of Harbourview Realty, LLC v Village of Roslyn, _____ AD3d _____, _____, 2025 NY Slip Op 05239, *2; Holman v St. John's Espiscopal Hosp., 241 AD3d 1295, 1296; Koffler v Cincinnati Ins. Co., 239 AD3d 840, 841; I-Fix-Screens-Com, Inc. v Ibrahem, 238 AD3d 1011, 1013). If evidentiary material is proffered to help the court's determination, as it was here by the proffering of a transcript of Mavis's testimony during the October 2014 deposition, the criterion is whether the plaintiff has a cause of action, and not whether the plaintiff has stated one in the pleading (see Leon v Martinez, 84 NY2d at 88; Guggenheimer v Ginzburg, 43 NY2d 268, 274-275; Matter of Harbourview Realty, LLC v Village of Roslyn, _____ AD3d at _____, 2025 NY Slip Op 05239, *2; Koffler v Cincinnati Ins. Co., 239 AD3d at 841). The motion must be denied unless it is shown that a material fact as alleged by the plaintiff is not a fact at all and no significant dispute [*4]exists regarding it (see Guggenheimer v Ginzburg, 43 NY2d at 275; Matter of Harbourview Realty, LLC v Village of Roslyn, _____ AD3d at _____, 2025 NY Slip Op 05239, *2; Koffler v Cincinnati Ins. Co., 239 AD3d at 841). "Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a prediscovery CPLR 3211 motion to dismiss" (Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d 34, 38; see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19).
There have been actions litigated outside of our judicial department and at the trial level throughout the state that have addressed the question of whether forcible touching (see Penal Law § 130.52[1]) or sexual abuse in the third degree (id. § 130.55) is limited to the nonconsensual touching of actual sexual or intimate parts of the body in the classic sense or, alternatively, whether the touching of other parts of the body may qualify under Penal Law article 130 as forcible touching or sexual abuse in the third degree if related to the actors' sexual gratification or where the overall circumstances are sufficiently intimate in nature.
Reported cases that answer the foregoing question arise from matters brought under the Penal Law, the ASA, the CVA, and the Sex Offender Registration Act (SORA) (Correction Law art 6-C). Under discrete case-specific circumstances, the nonconsensual touching of a neck and feet (see Morrison v Scotia Capital [USA] Inc., 2023 WL 8307930, *2-3, 2023 US Dist LEXIS 214277, *5-8 [SD NY, No. 21CV1859 (SHS)]), the licking of a neck (see People v Sene, 66 AD3d 427, 428), the kissing of the back of a neck (see J.S.M. v City of Albany Dept. of Gen. Servs., 83 Misc 3d at 1090), the kissing of a mouth (see People v Miller, 19 Misc 3d 457, 463-464 [Crim Ct, Kings County]; see also People v De Oliveira, 80 Misc 3d 1227[A], 2023 NY Slip Op 51115[U] [City Ct, Mt Vernon] [attempting to kiss the victim]), the placement of lips to feet (see People v Dunkley, 79 Misc 3d 703, 706 [Sup Ct, NY County]), the rubbing of an 11-year-old victim's leg after she asked the defendant to stop (see People v Graydon, 129 Misc 2d 265, 267-268 [Crim Ct, NY County]), the touching of a navel (see People v Belfrom, 124 Misc 2d 185, 187 [Sup Ct, Queens County]), the touching of a 6-year old's thigh in a dark theater (see People v Lee, 83 Misc 3d 1253[A], 2024 NY Slip Op 50963[U], *2 [Sup Ct, NY County]), and the rubbing or touching of the victim's buttocks (see People v Hatton, 26 NY3d 364, 366; People v Bartlett, 89 AD3d 1453, 1454) have been found to constitute forcible touching (Penal Law § 130.52[1]), sexual abuse in the third degree (id. § 130.55), and other sexual offenses under Penal Law article 130. In People v Torres (220 AD3d 514), the Appellate Division, First Department, in reviewing a SORA determination and the circumstances of that case, recognized the defendant's touching of the victim's lower back as intimate contact and sexual conduct. The aforementioned cases demonstrate that Penal Law §§ 130.52(1) and 130.55 apply not only to the nonconsensual touching of parts of the body that are unquestionably sexual, intimate, or erogenous but also to other parts of the body contacted in an intimate way or in a manner that gratifies the actor's sexual desire. The touching of nonsexual body parts, like the feet and neck, standing alone, may not qualify as "sexual contact" (id. § 130.00[3]) unless the touching is accompanied by circumstances that elevate the conduct to that of a nonconsensual act of intimacy or that involve the sexual gratification of the actor. Intimacy, after all, is a function not just of anatomy but also of behavior. As a result, the broader nature, manner, and circumstances of a touching of the body should be considered in determining whether such conduct constitutes a Penal Law article 130 predicate to commence an action pursuant to the ASA (see People v Sene, 66 AD3d at 427-428; People v Dunkley, 79 Misc 3d at 706; People v Graydon, 129 Misc 2d at 267-268) or, for that matter, pursuant to the CVA.
Here, the facts of this action should not be viewed two dimensionally as solely involving the part of Mavis's body that was contacted—in this instance, the lower back at the bilateral locations of the kidneys. The three-dimensional context of the alleged nature, facts, and circumstances of the touching is also relevant. That context includes the positioning of Mavis on a stepstool, while bent over an examination table, scantily clad in only underwear, while Wishner was seated behind her within mere inches of her buttocks. The touching then occurred when Wishner placed his two hands on Mavis's uncovered waist while pressing his two thumbs onto the areas of the kidneys. Mavis testified to her perception that when she glanced backwards, Wishner looked as if he was "enjoying something." Mavis testified that she immediately felt disgusted. She also testified that based upon her own prior, but limited, medical school training, the purported procedure utilized by Wishner was not the typical means of diagnosing the kidneys as a cause of back pain and "did not match what he described he was doing." Afterwards, on the same day of the [*5]incident, Mavis relayed the circumstances of her interaction with Wishner to others. Viewing the complaint in the light most favorable to the plaintiffs and according it every possible favorable inference, as we must, we find that the complaint, as supplemented by the extrinsic material proffered by Wishner and HMG, states a cause of action upon which the relief sought may be granted (see CPLR 3211[a][7]; People v Torres, 220 AD3d at 515).
IV. The Sufficiency of the Pleading of Legal Elements
Wishner contended before the Supreme Court, and argues on appeal, that the complaint failed to state a cause of action as it failed to allege the specific elements of the predicate offenses, forcible touching (see Penal Law § 130.52[1]) and sexual abuse in the third degree (id. § 130.55). The complaint alleged, in paragraphs 27 and 28, violations of both Penal Law §§ 130.52 and 130.55.
CPLR 3013 provides that statements in a pleading be "sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action." This is not a form of action where the specificity of the pleading or of the matter is required (see id. §§ 3015, 3016). The material elements of an ASA cause of action include, inter alia, that there be a predicate offense under Penal Law article 130. Predicate offenses in fact were pleaded in this instance in satisfaction of the notice pleading requirements of CPLR 3013. We find that further details of those predicate offenses, including their component elements, need not be specifically pleaded but may be fleshed out by a bill of particulars and through discovery (see generally RGH Liquidating Trust v Deloitte & Touche LLP, 17 NY3d 397, 404; Pressley v City of New York, 233 AD3d 932, 935). Moreover, the expressed allegations that Wishner violated Penal Law §§ 130.52 and 130.55 inferentially alleged that the constituent elements of those penal law offenses were also violated (see Johnson v Verona Oil, Inc., 36 AD3d 991, 992-993; Aronoff v Albanese, 85 AD2d 3, 6-7).
V. Laches
Contrary to Wishner's contention made before the Supreme Court and raised on appeal as an alternative ground for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545), the complaint should not have been dismissed insofar as asserted against him as barred by the doctrine of laches (see Esposito v Isaac, 240 AD3d 750, 751-752). Laches does not apply where, as here, the plaintiffs' causes of actions are asserted pursuant to a legislatively determined revival statute (cf. Hymowitz v Eli Lilly & Co., 73 NY2d 487, 515).
VI. Conclusion
Therefore, the Supreme Court should have denied that branch of Wishner's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against him and that branch of HGM's cross-motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it.
Accordingly, the appeal from the order is dismissed, the judgment is reversed, that branch of Wishner's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against him and that branch of HGM's cross-motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it are denied, the complaint is reinstated insofar as asserted against each of those defendants, and the order is modified accordingly.
MILLER, TAYLOR and GOLDBERG VELAZQUEZ, JJ., concur.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, that branch of the motion of the defendant Steven G. Wishner which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against him and that branch of the cross-motion of the defendant Huntington Medical Group, P.C., which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it are denied, the complaint is reinstated insofar as asserted against each of those defendants, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
ENTER:
Darrell M. Joseph
Clerk of the Court